ROBERT MANNING & others[1] vs. NEW ENGLAND MUTUAL LIFE INSURANCE Co. & others.[2]

Suffolk. March 3, 1987. — April 23, 1987.

Present: HENNESSEY, C.J., NOLAN, LYNCH & O'CONNOR, JJ.

*Equitable Restrictions. Real Property,* Restrictions, Grant, Tidal land. *Boston. Jurisdiction,* To enforce equitable restrictions. *Commonwealth,* Real property. *Constitutional Law,* Obligation of contracts. *Trust,* What constitutes, Public trust.

Private parties were barred from obtaining specific enforcement of certain building restrictions, which appeared in conveyances of land by the Commonwealth and which had been created in conformity with a comprehensive land use plan, where no notice of the restrictions had been recorded in the appropriate registry of deeds, as required by G. L. c. 184, § 28. [732-734]

General Laws c. 184, § 28, as applied to render unenforceable certain building restrictions, which appeared in conveyances of land by the Commonwealth and which had been created in conformity with a comprehensive land use plan, did not violate the contract clause of the United States Constitution, where the statute did not extinguish any contractural rights but merely required timely recording of notice of their existence, and where the burden which the statute imposed upon parties benefited by the restrictions was reasonable in view of the Commonwealth's interest in assuring the marketability of real estate titles, unencumbered by obsolete and uncertain restrictions. [734-735]

Certain building restrictions, which appeared in conveyances of land by the Commonwealth and which had been created in conformity with a comprehensive plan governing the use of filled tidal land, established no continuing interest in the nature of a public trust. [735-736]

---

[1] Stella Trafford, Cynthia D. Fleming, Ann Nemrow, Richard Nemrow, Paul Prindle, Donald R. Stanton, Jeanne Stanton, Henry Allen, Emily Allen, Ann Bromberg, Marvin Bromberg, Fay Dabney, Imre Halasz, Sylvia Scott, Cathleen M. Capra, Karen Madsen, Andrew Snider, Jody Snider, Frederick C. Gleason, Jr., Diana F. Olney, and Citizens for a Better New England Life, Inc.

[2] The Department of Environmental Management, the Commonwealth, Trinity Church in the City of Boston, and A.W. Perry, Inc.

CIVIL ACTION commenced in the Land Court Department on January 17, 1986.

The case was heard by *Marilyn M. Sullivan, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Herbert P. Gleason (Thomas H. Martin* with him) for the plaintiffs.

*Stephen H. Oleskey* for New England Mutual Life Insurance Co.

HENNESSEY, C.J. The plaintiffs appeal from a judgment of a Land Court judge denying specific enforcement of restrictions in deeds to a parcel of land owned by the defendant. We conclude that the judge correctly ruled that the restrictions could not be enforced because of the failure to re-record them as required by G. L. c. 184, § 28.

New England Mutual Life Insurance Co. (defendant) owns land in the Back Bay section of Boston, bounded by Boylston Street, Berkeley Street, Clarendon Street, and St. James Avenue. The defendant purchased the parcel in two parts, the portion bordering Boylston Street from the Commissioners of Public Lands of the Commonwealth, and the portion bordering St. James Avenue from the Boston Water Power Company. The entire parcel had once been part of tidal flats which the Commonwealth filled, beginning in the 1850's. The Commonwealth then sold lots in the area for dwellings, subject to restrictions in conformity with a comprehensive land use plan. See *Blakeley* v. *Gorin,* 365 Mass. 590, 592 (1974). These restrictions, known as the Commonwealth Restrictions, or the Back Bay Restrictions, include "[t]hat the front wall [of any building] on Boylston Street, shall be set back, twenty-five feet from said Boylston Street,"[3] and "[t]hat a passageway twenty five feet wide, is to be laid out in the rear of the premises, the same to be filled in by the Commonwealth and to be kept open and maintained by the abutters in common."

_____

[3] The deed for the parcel bordering St. James Avenue required a setback of ten feet, later amended to fifteen feet. The plaintiffs seek to enforce the setback restriction only with regard to Boylston Street, and not St. James Avenue, and also the restriction requiring that a "passageway" be kept open.

The defendant plans to erect a building on its parcel which will be set back only ten feet, and will cover the alley which formerly ran down the middle of the parcel between the buildings on Boylston Street and those on St. James Avenue. The defendant has received certain zoning relief from the Boston Redevelopment Authority, the Boston Zoning Commission, and the board of appeal of Boston. Appeals from those board and agency actions are pending in separate actions.

Most of the plaintiffs are residents of the Back Bay. Several plaintiffs own property which was originally conveyed by the Commonwealth subject to the Commonwealth Restrictions. No plaintiff owns land which either lies in a block surrounded by the same streets as the defendant's parcel or is contiguous to the defendant's parcel. The plaintiffs concede that they would suffer no money damages, and seek specific enforcement of the restrictions.

The Land Court judge concluded that the restrictions were never brought forward as required by G. L. c. 184, § 28, and therefore could not be enforced against the defendant. The judge also concluded that, even if § 28 were not applicable, § 30 would bar the enforcement of the restrictions.[4]

1. The plaintiffs argue that the judge erred in finding that G. L. c. 184, § 28, barred enforcement of the restrictions.[5] Section 28 provides in part: "No restriction imposed before January first, nineteen hundred and sixty-two shall be enforceable after the expiration of fifty years from its imposition unless

---

[4] General Laws c. 184, § 30, inserted by St. 1961, c. 448, § 1, provides that no restriction shall be enforced or declared to be enforceable unless it is determined that the restriction is, at the time of the proceeding, of actual and substantial benefit to a person claiming rights of enforcement. Further, even if a restriction is found to be of such benefit, it shall not be enforced except by award of money damages if any of several enumerated conditions are found to exist. See *Blakeley* v. *Gorin, supra* at 592-593. Because the application of § 28 is dispositive of the case, we need not consider the correctness of the judge's conclusions as to § 30.

[5] The plaintiffs have not argued that § 28 does not apply to the covenant to keep the passageway open. Compare *Labounty* v. *Vickers,* 352 Mass. 337, 347-348 (1967), with *Myers* v. *Salin,* 13 Mass. App. Ct. 127, 134-136 (1982). Therefore, we need not address that issue.

a notice of restriction is recorded before the expiration of such fifty years or before January first, nineteen hundred and sixty-four, whichever is later, and in case of such recording, twenty years have not expired after the recording of any notice of restriction without the recording of a further notice of restriction." G. L. c. 184, § 28. The Legislature entitled the statute: "An Act to protect land titles from uncertain and obsolete restrictions and to provide proceedings in equity with respect thereto." St. 1961, c. 448.

The plaintiffs concede that no notice of restrictions was recorded as required by § 28. Nevertheless, the plaintiffs argue that § 28 should not bar enforcement of the restrictions. The plaintiffs contend that the "necessary implication" of this court's decision in *Blakeley* v. *Gorin, supra,* applying § 30 although the requirements of § 28 had not been satisfied, is that § 28 does not bar enforcement of the Commonwealth Restrictions. We disagree. The issue of compliance with § 28 was not argued or briefed in *Blakeley* v. *Gorin,* and this court did not address the issue. Nothing in *Blakeley* v. *Gorin* dictates that § 28 is inapplicable in this case.

The plaintiffs next argue that subsequent legislative history indicates that the Legislature did not intend § 28 to apply to restrictions contained in conveyances by the Commonwealth. In 1974, the Legislature amended § 28, adding: "The provisions of this section shall not be construed to apply to, and do not apply to, lands owned and conveyed by the commonwealth, notwithstanding any lapse of time or the passage of any prior law." St. 1974, c. 527, § 3. This language, however, was deleted the following year. St. 1975, c. 356.

We do not agree with the plaintiffs' contention that this subsequent legislative history establishes that § 28 should not apply to the Commonwealth Restrictions. Even if we were to interpret the 1974 amendment as reviving restrictions previously extinguished by § 28, the subsequent deletion of the 1974 amendment would operate to have the opposite effect. We are not convinced by the plaintiffs' suggestion that the Legislature repealed the 1974 amendments because it concluded that *Blakeley* v. *Gorin,* decided immediately after the

1974 amendments, had achieved the result of making the Commonwealth Restrictions enforceable despite § 28. A more reasonable interpretation of the Legislature's action is that it intended to do precisely what it accomplished: the repeal of the 1974 amendment.

We therefore conclude that § 28 is applicable to the restrictions in this case. The plaintiffs are unable to point to any other provision exempting them from the requirement of § 28 that notice of the restrictions must be re-recorded. Therefore, the restrictions on the defendant's parcel are unenforceable by virtue of § 28.

2. The plaintiffs argue that application of § 28 would violate the contract clause of the United States Constitution, U.S. Const., art. I, cl. 10.[6] According to the plaintiffs, § 28 impermissibly extinguished valuable contractual rights which the Commonwealth had a duty to enforce.[7] We have recognized that these restrictions can form a valuable right. See *Blakeley v. Gorin, supra* at 604.

The plaintiffs do not argue that § 28 would be unconstitutional as applied to restrictions imposed in transactions between private parties. Instead, the plaintiffs assert that the fact that the Commonwealth was the original grantor imposing the restrictions requires closer scrutiny of the Legislature's subsequent enactment affecting those restrictions. Cf. *United States Trust Co.* v. *New Jersey,* 431 U.S. 1, 25-26 (1977). Even if we were to accept the plaintiffs' assertion that the Commonwealth is under some continuing contractual obligation to the successors of the original grantees subject to the restrictions, we would still find that application of § 28 involved no constitutional infirmity under the contract clause. In *El Paso* v. *Simmons,* 379 U.S. 497 (1965), the United States Supreme Court upheld a State statute which limited the right of grantees

---

[6] "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const., art. I, cl. 10.

[7] The plaintiffs do not argue that application of § 28 violates any other Federal or State constitutional provision, such as Massachusetts Declaration of Rights, art. 10, or the United States Const. amends. V & XIV.

of land from the State to reinstate their land forfeited to the State for nonpayment of interest. Prior to the statute in question, the defaulting grantee's right to reinstate his claim by paying the interest in arrears was unlimited in time. The statute required payment of interest in arrears within five years. A subsequent amendment limited the right of reinstatement to the last purchaser from the State and his vendees or heirs. *Id.* at 498-501. The Court concluded that, given the State's "objectives and the impediments posed to their fulfillment by timeless reinstatement rights, a statute of repose was quite clearly necessary." *Id.* at 516.

In this case, § 28 poses even less of a conflict with the contract clause. In *El Paso* v. *Simmons,* the land was defaulted to the State. In this case, the Commonwealth's self-interest is not similarly implicated. Moreover, § 28 does not extinguish preexisting rights, but only requires that the beneficiary of the restrictions record to preserve them. Given the Commonwealth's interest in preserving the marketability of real estate titles, and of ensuring that titles are not clouded by obsolete and uncertain restrictions, § 28 is a reasonable method of achieving those goals, while permitting the beneficiaries of restrictions in which there is continuing benefit to preserve those rights merely by recording notice of the restrictions. Such a requirement does not overly burden the beneficiary. Moreover, § 28 allowed a reasonable time — approximately three years — for recording those restrictions already more than fifty years old when § 28 was enacted. See *Brookline* v. *Carey,* 355 Mass. 424, 427 (1969). See also *Opinion of the Justices,* 369 Mass. 979, 986-987 (1975); *Selectmen of Nahant* v. *United States,* 293 F. Supp. 1076 (D. Mass. 1968). Thus, application of § 28 here does not violate the contract clause.

3. Finally, we deal briefly with two other contentions raised by the plaintiffs. First, the plaintiffs, relying on *Boston Waterfront Dev. Corp.* v. *Commonwealth,* 378 Mass. 629 (1979), and *Newburyport Redevelopment Auth.* v. *Commonwealth,* 9 Mass. App. Ct. 206 (1980), argue that the Commonwealth Restrictions constitute a public trust because the Back Bay is filled tidal land. Those cases, however, concerned submerged

land, not tidal land. "[T]he public interest in [tidal] flats reclaimed pursuant to lawful authority may be extinguished, and, if deemed appropriate, the Legislature may act to declare that those rights have been extinguished so as to assure the marketability of title to such property." *Opinions of the Justices,* 383 Mass. 895, 902 (1981). "Neither the public nor the Commonwealth has a continuing interest in these tidelands in the nature of a public trust of the character described in the *Boston Waterfront* case." *Id.* at 910, citing *Waterfront Dev. Corp.* v. *Commonwealth, supra* at 641-649. We conclude that, even if the Commonwealth had a continuing interest of this nature, it was extinguished by the bar imposed by G. L. c. 184, § 28. Cf. *Boston Waterfront Dev. Corp.* v. *Commonwealth, supra* at 651-652 (discussing application of G. L. c. 260, § 31A, to submerged land).

The plaintiff's second contention is that the judge erred in concluding that the Commonwealth was not required by G. L. c. 91, § 37, to enforce the Commonwealth Restrictions. In light of our conclusion that the restrictions were unenforceable under G. L. c. 184, § 28, the Commonwealth could not be under an obligation to enforce the restrictions.

4. In sum, the judge properly concluded that the restrictions on the defendant's parcel were unenforceable by virtue of G. L. c. 184, § 28. There was no error.

*Judgment affirmed.*