433 Mass. 285 (2001)                                          285

The Stop & Shop Supermarket Company v. Urstadt Biddle Properties, Inc.

The Stop & Shop Supermarket Company *vs.* Urstadt
Biddle Properties, Inc.

Suffolk. December 4, 2000. - January 26, 2001.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Sosman, JJ.

*Real Property,* Restrictions. *Statute,* Construction. *Public Policy.*

Discussion of statutory limitations, set forth in G. L. c. 184, §§ 23 and 27, on the duration of land use restrictions. [287-289]

A land use restriction for a term of fifty years, which later was amended to delete the fifty-year term, then became a restriction "unlimited as to time," subject to the thirty-year limitation of G. L. c. 184, § 23 [289]; and the date the thirty-year period commenced was the date on which the restriction became unlimited [289-290].

The construction of G. L. c. 184, § 23, to effect a thirty-year limitation on a land use restriction in circumstances in which the parties to the restriction agreed to eliminate the original fifty-year time limitation on the restriction, was not inconsistent with the Legislature's intent, did not frustrate the extension requirements of G. L. c. 184, § 27, and did not, where the amended land use restrictions were recorded, violate public policy. [290-292]

Civil action commenced in the Land Court Department on December 10, 1996.

The case was heard by *Leon J. Lombardi,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert J. Muldoon, Jr. (David A. Brown* with him) for the plaintiff.

*Anthony M. Feeherry (Gordon H. Piper* with him) for the defendant.

Greaney, J. We transferred this case to this court on our own motion to decide the expiration date of a land use restriction prohibiting the plaintiff, The Stop & Shop Supermarket Company (Stop & Shop), from operating a supermarket or a discount store on its property (premises) that abuts land owned

286                        433 Mass. 285 (2001)

The Stop & Shop Supermarket Company *v.* Urstadt Biddle Properties, Inc.

by the defendant, Urstadt Biddle Propertieš, Inc. (Urstadt). The restriction was created on February 13, 1970, and had a term of fifty years. Some thirteen years later, on February 15, 1983, the restriction was amended to delete the fifty-year term. Stop & Shop asserts that the thirty-year limitation imposed by G. L. c. 184, § 23, set forth below,[1] on restrictive covenants that do not have a time limitation applies, and, as a result, the thirty-year period commenced on the date the fifty-year restriction was created, February 13, 1970, so that the restriction expired on February 13, 2000.[2] A judge in the Land Court heard cross motions for summary judgment after the parties submitted the case on a statement of agreed facts. The judge disagreed with Urstadt's argument that G. L. c. 184, § 27, set forth below,[3] governed the case and that the restriction had been extended under § 27 (*b*). The judge also rejected Stop & Shop's arguments, and concluded that, under § 23, the restriction's thirty-year term began to run on February 15, 1983, when the fifty-year restriction was amended to make it unlimited as to time. Thus, the judge reasoned that the restriction does not expire until February 15, 2013. Applying this analysis, the judge denied Stop & Shop's motion for summary judgment, allowed Urstadt's motion with respect to the rights conferred by § 23, and

---

[1] General Laws c. 184, § 23, reads as follows:

"Conditions or restrictions, unlimited as to time, by which the title or use of real property is affected, shall be limited to the term of thirty years after the date of the deed or other instrument or the date of the probate of the will creating them, except in cases of gifts of devises for public, charitable or religious purposes. This section shall not apply to conditions or restrictions existing on July sixteenth, eighteen hundred and eighty-seven, to those contained in a deed, grant or gift of the commonwealth, or to those having the benefit of section thirty-two."

[2] Stop & Shop's predecessor, S & S Business Corp., asserted this contention in its complaint, filed on December 10, 1996, that sought a declaration that the restriction "expires on February 13, 2000."

[3] General Laws c. 184, § 27, provides in pertinent part:

"No restriction imposed after December thirty-first, nineteen hundred and sixty-one shall be enforceable: —

"(*b*) after thirty years from the imposition of the restriction, unless
. . .

"(2) . . . a notice of restriction is recorded before the expiration of the thirty years, and in case of such recording, twenty years have not expired after the recording of any notice of restriction without the recording of a further notice of restriction."

entered a judgment declaring the rights of the parties. We affirm the judgment.

The background of the case is as follows. In 1970, the trustees of the Springfield Mall Trust owned the premises, part of a larger parcel consisting of approximately thirty-five acres of land. On February 13, 1970, the trustees, and Urstadt's predecessor in title, Hubbard Real Estate Investments (HREI), entered into a duly recorded agreement (1970 agreement) that imposed various restrictions on the premises and HREI's abutting property, including a commercial restriction prohibiting use of the premises for supermarkets or discount stores (restriction).[4] Article 9 of the 1970 agreement provides that its terms "shall continue in full force and effect for fifty (50) years from the date hereof and shall terminate automatically at the end of such period unless extended by an instrument in writing recorded in the Hampden County, Massachusetts Registry of Deeds."

On February 15, 1983, HREI and the trustees' successor, Community Savings Bank, entered into a duly recorded agreement (1983 amendments) that amended the 1970 agreement by deleting several of its articles, including article 9, the fifty-year time limit on the restriction.[5] Stop & Shop acquired the premises in 1996. After this litigation had commenced, on April 10, 1998, Urstadt recorded a "notice of restriction" pursuant to G. L. c. 184, § 27, purporting to extend the period of enforceability of the restriction against Stop & Shop for twenty years, until April 9, 2018.

1. The judge correctly concluded that § 23, and not § 27, governs the dispute. Although Urstadt did not file a cross appeal on the judge's ruling with respect to § 27, it argues in its brief that we may affirm the grant of summary judgment in its favor on the ground that it validly extended the restriction pursuant to § 27 (b) (set forth at note 3, supra). See Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1985). Because

---

[4]The restriction provides: "Springfield [Mall] Trust hereby covenants and agrees that no portion of its property shall be used for the operation of a food supermarket or for the operation of any discount store listed on Exhibit 'D' attached hereto or any discount store conducting an operation similar to those so listed."

[5]Paragraph 5(iii) of the 1983 amendments provides that "[t]he 1970 Agreement shall, as to [the premises and HREI's abutting property], be deemed modified and amended by the deletion of Articles 1, 2, 3, 4, 7, 8 and 9 thereof and as so modified and amended shall remain in full force and effect . . . ."

we have a complete record on the issue, we shall decide it in the interests of clarifying the entire situation.

Since 1887, Massachusetts law has imposed a thirty-year time limitation on land use restrictions that do not themselves contain an express limitation on duration. St. 1887, c. 418. Landowners, however, remain free to burden or benefit their land with use restrictions, enforceable for a period less than, or greater than, thirty years. By statute, restrictions imposed after December 31, 1961, are not enforceable "after thirty years from the imposition of the restriction," G. L. c. 184, § 27 (*b*), unless certain statutory requirements are met, including the requirement that the party seeking to enforce the longer restriction records a "notice of restriction" before the expiration of the first thirty years of the restriction's existence, and before the expiration of each successive twenty-year period. § 27 (*b*) (2). See G. L. c. 184, §§ 29, 30.

Stop & Shop and Urstadt agree that the effect of the 1983 amendments rendered the restriction "unlimited as to time" and, thus, subject to a thirty-year term under § 23. Urstadt argues, however, that restrictions subject to § 23, including the restriction it seeks to enforce, may be extended pursuant to § 27 (*b*). In support of its position, Urstadt asserts that "nowhere in the plain language of the statute, or in the case law interpreting the statute, does it state that [§] 27 applies only to restrictions with defined terms of more than thirty years."

While Urstadt's assertion may be true as a technical matter, § 27, by its express terms, requires, in order to extend the period of enforceability, that a notice of restriction be recorded "before the expiration of the thirty years [from the imposition of the restriction]." This statutory language indicates that restrictions for less than thirty years do not come within the scope of § 27, and, thus, cannot be extended under the statute. Section 27 is to be read, to the extent possible, harmoniously with § 23. *Gillette Co.* v. *Commissioner of Revenue*, 425 Mass. 670, 674 (1997). *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997). If, as Urstadt contends, a restriction unlimited as to time merely needed the recording of periodic notices under § 27 (*b*) to remain in force, then § 23 itself would be superflu-·ous, as § 27 (*b*) would extinguish any restriction as to which the proper notice had not been recorded. Rather, § 23 sets a "term" of thirty years in the absence of any stated time frame in the parties' underlying agreement, and nothing in § 27 (*b*) al-

lows for any extension of that term. All § 27 (*b*) does is extend the "period of enforceability" for any agreed term of restriction that is longer than thirty years. Under § 23, restrictions "unlimited as to time" expire in thirty years. Significantly, as noted by the judge, no language in § 23 permits the enforcement of a restriction limited by its operation beyond the thirty-year period. See E.C. Mendler, Massachusetts Conveyancers' Handbook § 14:3.02(b) (3d ed. 1984) ("a restriction unlimited as to time expires in 30 years, and cannot be extended by a notice of restriction under § 27"). By virtue of the 1983 amendments, the restriction became "unlimited as to time" and subject to § 23. Urstadt's right to extend the period for enforcing the restriction for further periods was thereby extinguished. The judge correctly concluded that Urstadt could not, under § 27 (*b*), unilaterally extend the restriction beyond its expiration date.

2. We turn next to the date on which the restriction began to run. Section 23 provides that "restrictions, unlimited as to time . . . shall be limited to the term of thirty years after the date of the deed or other instrument . . . creating them." Stop & Shop contends that the word "creating," in § 23, commences the thirty-year limitation period. Stop & Shop maintains that it is the date of the instrument that originally created the restriction from which the limitation period runs, here, February 13, 1970, the date on which the 1970 agreement was executed and recorded.

Stop & Shop's argument ignores relevant, and reasonably clear, language in the statute, namely, the words "unlimited as to time," that follow and qualify the term "restrictions." The statute is to be construed as written, in keeping with its plain meaning, see *Massachusetts Community College Council* v. *Labor Relations Comm'n*, 402 Mass. 352, 354 (1988), so as to give some effect to each word, see *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998). The language of § 23 informs us that the date from which its thirty-year limitation period begins to run is the date on which the restriction became or becomes unlimited as to time. Here, the restriction did not become unlimited as to time until the 1983 amendments were executed and recorded, February 15, 1983. Before that time, the restriction remained subject to a fixed duration of fifty years and was not subject to § 23. We reject Stop & Shop's argument that the comma after the term "restrictions," separat-

ing that term from the words "unlimited as to time," supports its construction. The comma's placement demonstrates that it is only certain restrictions, those unlimited as to time, to which § 23 applies. In addition, we agree with the judge that the cases cited by Stop & Shop, *Baker* v. *Seneca*, 329 Mass. 736 (1953), and *Snow* v. *Van Dam*, 291 Mass. 477 (1935), are inapposite. Those cases did not involve circumstances in which the deed or instrument creating the original restriction was subsequently amended thereby rendering the restriction unlimited in duration.

Our construction of § 23 is consistent with the Legislature's intent. We recognize that restrictions on land are disfavored, and they "in general are to be construed against the grantor and in favor of freedom of alienation." *Ward* v. *Prudential Ins. Co.*, 299 Mass. 559, 565 (1938). See *Harrington* v. *Anderson*, 316 Mass. 187, 189-190 (1944) (landowner seeking to enforce restriction has burden of proving restriction was intended to benefit his land); *St. Botolph Club, Inc.* v. *Brookline Trust Co.*, 292 Mass. 430, 433 (1935) (party claiming benefit of restriction has burden of proving it is appurtenant to his land, and ambiguities are to be resolved in favor of freeing land from servitude). The Legislature has maintained this policy by limiting the duration of restrictions that are unlimited as to time, see § 23, and by establishing a procedure through G. L. c. 184, §§ 26-30, by which a landowner may "remove or prevent the enforcement of obsolete, uncertain or unenforceable restrictions," *Labounty* v. *Vickers*, 352 Mass. 337, 348 (1967), quoting Thirty-sixth Report of the Judicial Council, Pub. Doc. No. 144, at 81 (1960). The Legislature, however, has not precluded landowners (who otherwise comply with the requirements of §§ 26-30) from bargaining for, and enforcing, beneficial land use restrictions that contain a lengthy, but definite term of duration.[6] Such restrictions, as with any other contractually bargained-for agreements, are often beneficial and valuable. See, e.g., *Everett Factories & Terminal Corp.* v. *Oldetyme Distillers Corp.*, 300 Mass. 499, 506-507, 509 (1938) (enforcing restriction requiring landowner to make annual payments to maintain railroad tracks, finding restriction "useful and beneficial" to landowner's enjoyment of land); *Exit 1 Props. Ltd. Partnership* v. *Mobil Oil Corp.*, 44 Mass. App. Ct. 571,

---

[6]Stop & Shop does not contend that the judge erred in concluding that the restriction, pursuant to G. L. c. 184, § 30, is "of actual and substantial benefit" to Urstadt.

433 Mass. 285 (2001)                                          291

The Stop & Shop Supermarket Company *v.* Urstadt Biddle Properties, Inc.

574 (1998), quoting *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 97-98 (1979) (restrictions "may run with the land and are enforceable if 'consistent with a reasonable over-all purpose to develop real estate for commercial use' "). Further, the Legislature permits a landowner benefited by a restriction to extend the period of enforceability in increments of up to twenty years in accordance with the requirements of § 27. Under our construction of § 23, the statute's purpose has been achieved. Section 23 served the purpose the Legislature intended; it imposed a thirty-year limitation on the restriction when the parties, in 1983, chose to eliminate a time limitation. See *Flynn* v. *Caplan*, 234 Mass. 516, 520 (1920).

Nor does our construction frustrate the extension requirements of § 27. Had the parties to the 1983 amendments intended to invoke § 27, they would have ensured that the original fifty-year time limit remained in place, so that a notice of restriction could be recorded by February 13, 2000, to enforce the restriction for the full fifty years. They did not follow this path, and because they did not, a new time limitation, thirty years, attached to the restriction pursuant to § 23.

Finally, we reject Stop & Shop's assertion that the judge's construction of § 23 violates public policy because "allowing a subsequent modification to serve as the creating instrument makes it impossible for a third-party purchaser to rely reasonably on record title concerning the duration of a restriction on the land." This concern does not exist here because the 1983 amendments were recorded, thus Stop & Shop has constructive, if not actual, notice of the restriction's change in duration. Because "[a] buyer of real estate cannot be charged with constructive notice of an equitable restriction unless he can find it recorded somewhere in his chain of title," *Stewart* v. *Alpert*, 262 Mass. 34, 38 (1928), any amendment to a deed or instrument that changes the duration of a land use restriction must also be recorded to make it fully enforceable during its new duration. See Restatement (Third) of Property (Servitudes) § 7.15 (2000) ("An unrecorded modification or termination of a recorded servitude is not effective against a subsequent taker of an interest in property burdened or benefited by the servitude who is otherwise entitled to the protection of the recording act"). Recording provides potential third-party purchasers with adequate notice of the restriction and its duration.

3. In summary, we see nothing in § 23, or in the general

statutory scheme, that prohibits the agreements here. There is no superseding public policy between the somewhat differing general principles that, on the one hand, disfavor land use restrictions, and, on the other hand, uphold contractually bargained for restrictions that permit landowners to use their land in certain ways. The fact of notice, by means of recording, alerts third parties to the limitation; their rights are thus protected. The judge correctly concluded that the restriction remains enforceable until February 15, 2013, and may not be extended thereafter.

*Judgment affirmed.*