# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

---

ELEANOR R. JONES & another[1] *vs.* MICHELLE M. MURPHY & others.[2]

No. 01-P-1048.

Suffolk. January 17, 2003. - November 14, 2003.

Present: BECK, GELINAS, & KANTROWITZ, JJ.

*Real Property,* Restrictions. *Statute,* Construction.

In a civil action where the plaintiffs sought declaratory and injunctive relief to enforce restrictive covenants created in the 1950's, thereby requiring the defendants to remove second stories built on the defendants' residences on their lots in a subdivision, a Land Court judge properly granted summary judgment for the defendants, where the relevant land use restriction was not for a specified period of time and had expired pursuant to G. L. c. 184, § 23, because more than thirty years had passed since the restriction's creation, and because that statute applied to restrictions created on or after July 17, 1887. [2-4]

---

[1]Thomas Jones.

[2]Christopher J. Murphy and Kim Rutan.

CIVIL ACTION commenced in the Land Court Department on December 3, 1998.

The case was heard by *Karyn F. Scheier*, J., on a motion for summary judgment.

*Roy D. Toulan, Jr.*, for the plaintiffs.

*Robert M. Daniszewski* for Michelle M. Murphy & another.

*Celeste R. Niarchos* for Kim Rutan.

BECK, J. The plaintiffs, Eleanor R. Jones and her son Thomas Jones, own lot 13 in a subdivision in the Wingaersheek Beach area of Gloucester. In December, 1998, they filed a "complaint to enforce restrictive covenants" on lots 11, 12, and 14 in the subdivision. The defendants, Michelle M. Murphy and Christopher J. Murphy, own lots 12 and 14, and defendant, Kim Rutan, owns lot 11. As relevant here, the restrictions provided that the lots be used for "private dwelling purposes" and that the dwellings be limited to one-story construction. It is the construction of second stories, apparently new construction on the Murphys' lots and renovations adding a second story on Rutan's lot, that are at issue here.

The plaintiffs sought declaratory and injunctive relief requiring the defendants to remove their second stories. On motion of the defendants, the Land Court judge granted summary judgment for the defendants, holding that "the Restriction [was] not for a specified period of time and ha[d], therefore, expired pursuant to G. L. c. 184, § 23, because more than thirty years ha[d] passed since its creation." The plaintiffs appeal, claiming that G. L. c. 184, §§ 26-30, apply and that the lots in question "are subject to the [fifty year] restrictive time frame limitation set forth in section 28." We affirm the judgment of the Land Court.

Section 23, inserted by St. 1887, c. 418, provides in part as follows:

> "Conditions or restrictions, unlimited as to time, by which the title or use of real property is affected, shall be limited to the term of thirty years after the date of the deed . . . ."

This section does not apply to conditions or restrictions already existing on July 16, 1887, G. L. c. 184, § 23, but since the pas-

sage of § 23, "Massachusetts law has imposed a thirty-year time limitation on land use restrictions that do not themselves contain an express limitation on duration." *Stop & Shop Supermarket Co.* v. *Urstadt Biddle Properties, Inc.*, 433 Mass. 285, 288 (2001). There is no dispute that the restrictions at issue here were established more than thirty years before the plaintiffs sought to enforce it in 1998. The restriction on Rutan's lot was created in 1953. The Murphys' restrictions were created in 1955 and 1957.

The plaintiffs insist that the Murphy and Rutan restrictions are governed by G. L. c. 184, § 28, inserted by St. 1961, c. 448, § 1. Section 28 provides in part as follows:

> "No restriction imposed before January [1, 1962,] shall be enforceable after the expiration of fifty years from its imposition unless a notice of restriction is recorded before the expiration of such fifty years . . . and in case of such recording, twenty years have not expired after the recording of any notice of restriction without the recording of a further notice of restriction."

The plaintiffs argue that § 23 is incompatible with § 28 and that § 28 should apply. To be sure, there is nothing in c. 184 that explicitly attempts to reconcile §§ 26-30 in every particular with § 23. However, as with § 27, § 28 "is to be read, to the extent possible, harmoniously with § 23." *Stop & Shop Supermarket Co.* v. *Urstadt Biddle Properties, Inc.*, 433 Mass. at 288. The Land Court judge here achieved such a reading by interpreting § 23 as applying to restrictions without a specified duration and § 28 as applying to restrictions with an agreed term of years. See *id.* at 288-289. This approach is consistent with the legislative history and intent of §§ 26-30. Indeed, we are hard pressed to harmonize the two sections in any other manner that retains meaning for both.

As indicated above, § 23 applies to restrictions created on or after July 17, 1887. "[R]estrictions existing prior to July 16, 1887 could have continued in effect forever, and until the provisions of [G. L.] c. 184, § 28 came into effect, such old restrictions, or even the suggestion of the possibility thereof raised by vague references of record, did continue to plague conveyancers." Mendler, Massachusetts Conveyancers' Handbook § 14:2, at 327 (3d ed. 1984). These concerns led the

Judicial Council to file legislation enacted as G. L. c. 184, §§ 26-30, after conferences, study, and repeated revisions. Thirty-sixth Report of the Judicial Council, Pub. Doc. No. 144, at 80 (1960). "The Legislature entitled the statute: 'An Act to protect land titles from uncertain and obsolete restrictions and to provide proceedings in equity with respect thereto.' St. 1961, c. 448." *Manning* v. *New England Mutual Life Ins. Co.*, 399 Mass. 730, 733 (1987). "The purpose of §§ 26-30 was to enable 'one or more landowners to remove or prevent the enforcement of obsolete, uncertain or unenforceable restrictions.' " *Labounty* v. *Vickers*, 352 Mass. 337, 348 (1967), quoting from the Thirty-sixth Report of the Judicial Council, *supra* at 81.

At the same time, § 23 has continued to apply. "[A] restriction unlimited as to time expires in 30 years, and [for example] cannot be extended by a notice of restriction under § 27. Such extension is possible only if the instrument originally imposing the restriction provides for a period of enforceability in excess of 30 years and the specified period is not 'unlimited.' " Mendler, Massachusetts Conveyancers' Handbook § 14:3.02, at 330. See *Myers* v. *Salin*, 13 Mass. App. Ct. 127, 133, 137 (1982) (Land Court judge correctly ruled that restrictions expired by lapse of time after thirty years because of G. L. c. 184, § 23). In *Myers*, we also noted that "*[o]ther* limitations on the enforceability of such 'restrictions' are found in G. L. c. 184, §§ 26-30. " *Id.* at 133 n.6 (emphasis added).

The interpretation the plaintiffs urge would extend the restrictions in this case by twenty years under §§ 26 and 28. Such an extension would not only be inconsistent with the purpose of the 1961 legislation, but would run counter to the principle that "restrictions on land are disfavored" and "in general are to be construed against the grantor and in favor of freedom of alienation." *Stop & Shop Supermarket Co.* v. *Urstadt Biddle Properties, Inc.*, 433 Mass. at 290, quoting from *Ward* v. *Prudential Ins. Co.*, 299 Mass. 559, 565 (1938). The judgment of the Land Court is therefore affirmed.

*So ordered.*