NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1309                                        Appeals Court


SAMUEL D. PERRY & others,[1] trustees,[2] & another[3] vs.  VIRGIL
AIELLO & others.[4]


No. 16-P-1309.

Suffolk.     May 3, 2017. - September 19, 2017.

Present:  Kinder, Henry, & Desmond, JJ.


Easement.  Way, Private.  Real Property, Easement, Restrictions.
     Adverse Possession and Prescription.  Practice, Civil,
     Injunctive relief.



     Civil action commenced in the Land Court Department on June
11, 2013.

     The case was heard by Robert B. Foster, J.

---

[1] Eugene H. Clapp, III, and William W. Park.

[2] Of the 63 Beacon Street and 64 Beacon Street, Boston,
Massachusetts, Trusts for the Benefit of King's Chapel.

[3] 66 Beacon Street, LLC.  The plaintiffs shall be referred
to, collectively, as the "King's Chapel and LLC plaintiffs."

[4] DeLuca's Market, Corp.; Robert Aiello; and James S. Hughes
and Stewart Grossman, as trustees of the Virgil J. Aiello 2011
Irrevocable Trust and as trustees of the Candace Jans Aiello
2011 QTIP Trust.  The defendants shall be referred to,
collectively, as the "DeLuca defendants."

Diane C. Tillotson for the plaintiffs.
W. Paul Needham for the defendants.

HENRY, J.  The trustees of the 63 Beacon Street and 64 Beacon Street, Boston, Massachusetts, Trusts for the Benefit of King's Chapel (the King's Chapel trustees); 66 Beacon Street, LLC (LLC); and the DeLuca defendants own abutting properties, and dispute the extent of the rights the DeLuca defendants have in a ten-foot wide passageway which runs between the King's Chapel property on one side, and the DeLuca and LLC properties on the other side.  A judge of the Land Court concluded that a 1947 agreement between the parties' predecessors in interest is partially enforceable and limits the DeLuca defendants' use of the portion of the passageway they do not own but over which they have a right of passage.  The judge rejected the DeLuca defendants' assertion that they have acquired by prescription the right to park on the passageway, but concluded that they may temporarily stop a truck in the passageway once per day to load trash and transport it off site.  We affirm in part and reverse in part.

Background.  The DeLuca defendants own four lots in the Beacon Hill section of Boston at 7-17 Charles Street which, since before 1920, have housed DeLuca's Market, a grocery and wine store.  DeLuca's Market is bounded by Charles Street to the west, Branch Street to the north, 65-66 Beacon Street (owned by

the LLC) to the south, and the passageway to the east. Across the passageway is 63-64 Beacon Street, owned by the King's Chapel trustees, which runs the full length of the passageway and abuts Branch Street to the north and Beacon Street to the south. The LLC property, 65-66 Beacon Street, is bounded by the DeLuca defendants' property to the north, the passageway to the east, and Beacon Street to the south. The judge found and the parties do not dispute that each party owns the fee to the center of the portion of the passageway abutting its property. This case centers on the nature and extent of the DeLuca defendants' rights to use the passageway.

In 1947, the parties' predecessors in interest entered into an agreement that provides in paragraph 1 that "appurtenant to" the King's Chapel and LLC properties is the right to use the "entire passageway . . . for all purposes for which streets or ways are from time to time commonly used in Boston." It further provides in paragraph 2 that "appurtenant to" the DeLuca property is the right to use the passageway "for travel on foot and with hand carts" between the DeLuca property and Branch Street, "expressly excluding the right to place garbage or rubbish receptacles therein or to use said passageway for purposes other than those stated in [paragraph 2]."[5] Paragraph 7

---

[5] The DeLuca defendants allege that the 1947 agreement, entered into just before the property was conveyed to their

provides that the DeLuca property shall be subject to the foregoing "restriction" for the benefit of the King's Chapel and LLC properties, and paragraph 9 provides that the agreement shall be binding on the parties' successors and assigns and "[n]o rights, other than those hereby established, shall be appurtenant hereafter to the [DeLuca property]." The DeLuca property thereafter was conveyed to the DeLuca defendants' predecessors in interest subject to the 1947 agreement.

Some sixty-six years later, in June, 2013, the King's Chapel and LLC plaintiffs commenced this action seeking declaratory and injunctive relief as to the DeLuca defendants' use of the passageway.[6] The DeLuca defendants responded to the complaint and, as an affirmative defense, asserted a prescriptive right to park in the passageway. The trial judge concluded that paragraph 2 of the 1947 agreement restates and sets forth affirmative easements, and that paragraph 7 sets

---

predecessors in interest, and limiting their use of the passageway, was the result of a collusive transaction among the owners of the subject properties, all of which were then owned by various members of one family either individually or as trustees. The DeLuca defendants further assert that the agreement was designed to "severely limit what the Italian grocer buyers . . . would be able to do in the [p]assageway." We express no opinion on this factual point.

[6] Since at least 2000, the DeLuca defendants have at times parked one or more cars in the passageway, and their service workers have parked in the passageway several times per year. Since 2013, their employee or agent has regularly backed a truck into the passageway and loaded trash for transport to another location.

forth restrictions.  The result, the judge concluded, is that the provision in paragraph 2 limiting the use of the passageway to travel by foot and hand-cart use is an affirmative, "restated" easement, and thus is enforceable over the portions of the passageway owned by the King's Chapel and LLC plaintiffs. The judge concluded that paragraph 7 restricts only the DeLuca defendants' use of the portion of the passageway that they own, and that the restriction has expired because it was not extended by any of the parties.  Thus, the judge concluded, the DeLuca defendants may use their portion of the passageway in any manner not inconsistent with the rights of any other owner's exercise of its easement rights, but on the portion of the passageway owned by the King's Chapel and LLC plaintiffs, the DeLuca defendants are limited to travel by foot and hand cart use.  The judge also concluded that the passageway is not wide enough to allow any party to park on it without obstructing access, but that the DeLuca defendants may stop a truck in the passageway briefly once per day to load trash, as such use does not unreasonably impair the plaintiffs' rights.  In addition, the judge determined, based in part on a view of the passageway and his determinations of witness credibility, that the DeLuca defendants did not meet their burden of proving that they had acquired a parking easement by prescription.

Discussion. 1. 1947 agreement. With regard to the 1947 agreement, the issue before us is whether the provisions of the agreement constitute "restrictions" as that term is used in G. L. c. 184, §§ 23, 26-30, or easements. The difference is not always readily apparent, and the distinction is outcome determinative here, as, unlike restrictions, easements do not become unenforceable with the passage of time. See Labounty v. Vickers, 352 Mass. 337, 347-348 (1967). See also Patterson v. Paul, 448 Mass. 658, 663 (2007) ("An affirmative easement is not considered to be a 'restriction' affecting the use of real property such that it is subject to the statutory time limitation imposed by G. L. c. 184, § 23").

In 1947, before the agreement was executed, the parties owned to the center of the passageway abutting their respective properties, and enjoyed a right of passage, in common with others, over the rest of the passageway. See Tehan v. Security Natl. Bank of Springfield, 340 Mass. 176, 181-182 (1959); Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675, 677-678 (1965). The effect of the 1947 agreement, therefore, was to restrict the DeLuca defendants' predecessors' existing rights over the entire passageway.

Restrictions on uses of land generally are disfavored. See Patterson, 448 Mass. at 662, citing Stop & Shop Supermkt. Co. v. Urstadt Biddle Properties, Inc., 433 Mass. 285, 290 (2001).

"The Legislature has maintained this policy by limiting the duration of restrictions that are unlimited as to time . . . , and by establishing a procedure through G. L. c. 184, §§ 26-30,[7] by which a landowner may 'remove or prevent the enforcement of obsolete, uncertain or unenforceable restrictions.'" Stop & Shop Supermkt. Co., supra, quoting from Labounty, 352 Mass. at 348.

We agree with the judge's conclusion that pursuant to c. 184, § 28, the restriction on the portion of the passageway owned by the DeLuca defendants terminated after fifty years, in September, 1997, there having been no extension filed. The

---

[7] As relevant here, § 26 provides that

"[a]ll restrictions on the use of land or construction thereon which run with the land subject thereto and are imposed by covenant, agreement, or otherwise, whether or not stated in the form of a condition, in any deed, will or other instrument executed by or on behalf of the owner of the land or in any order of taking shall be subject to . . . [G. L. c. 184, §§ 27-30]."

G. L. c. 184, § 26, as appearing in St. 1990, c. 520, § 2.

Section 28 provides, in pertinent part:

"No restriction imposed before January first, nineteen hundred and sixty-two shall be enforceable after the expiration of fifty years from its imposition unless a notice of restriction is recorded before the expiration of such fifty years . . . and in case of such recording, twenty years have not expired after the recording of any notice of restriction without the recording of a further notice of restriction."

G. L. c. 184, § 28, inserted by St. 1961, c. 448, § 1.

judge treated separately, however, the portion of the passageway owned by the King's Chapel and LLC plaintiffs and over which the DeLuca defendants had a right of passage, and concluded that the DeLuca defendants' rights over that portion of the passageway were easements unaffected by § 28. In imposing restrictions, however, the 1947 agreement itself did not expressly distinguish between the portion of the fee owned by the DeLuca defendants' predecessors and the portion those predecessors had a legal right to use derived from their ownership of a portion of the passageway. Contrary to the trial judge's conclusion, nothing in paragraphs 2 and 7 of the agreement suggests that one paragraph restricts the portion of the passageway owned by DeLuca's predecessors and the other paragraph grants easements over the portions owned by the King's Chapel and LLC plaintiffs' predecessors.

While paragraph 2's "appurtenant to" language, in part, apparently caused the judge to conclude that paragraph 2 of the 1947 agreement contained a "restated easement," we disagree. The agreement gave the DeLuca defendants' predecessors nothing that they did not already have. To the contrary, it restricted the predecessors' rights. The DeLuca defendants' predecessors enjoyed an unrestricted right over the passageway, in common with others, and the agreement served to restrict those rights. Pursuant to c. 184, § 26, the statute extends to "[a]ll

restrictions on the use of land" and pays no attention to labels.  See Myers v. Salin, 13 Mass. App. Ct. 127, 136 (1982) (§§ 23 & 26-30 reflect a legislative intent that "'restrictions,' with certain carefully specified exceptions [not at issue here], be regulated in various ways, without apparent differentiation among the types of interest thereby produced, the names given to them, or the methods used in their creation").  We have scoured the language of the statute and cannot say that its reach does not extend to restrictions of easement rights, particularly where those easement rights derive from an ownership interest in a portion of a way and a corresponding right of passage over the rest of the way.  At least when it comes to a passageway or a street, it is illogical to apply the statute to only the portion of the passageway the abutter owns when rights over that section are largely useless without the corresponding passage rights over the rest of the way.

It is true that the Supreme Judicial Court has said that "[a] 'restriction on the use of land' is a right to compel the person entitled to possession of the land not to use it in specified ways."  Labounty, 352 Mass. at 347.  And, furthermore, an easement, on the other hand, "creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the

easement." Martin v. Simmons Properties, LLC, 467 Mass. 1, 8-9 (2014), quoting from Patterson, 448 Mass. at 663. Here, however, where the 1947 agreement does not grant anything that the DeLuca defendants' predecessors did not already have, but rather restricted their common-law rights, we think the term "restriction" as used in the relevant provisions of c. 184 is broad enough to encompass the limitation of the DeLuca defendants' rights over the entire passageway. If the King's Chapel and LLC plaintiffs wanted to continue to restrict the DeLuca defendants' use of the passageway, they were required to file a notice of extension of the restriction. We conclude that the restrictions on the DeLuca defendants' right to use the portion of the passageway they own and the portion owned by the plaintiffs have expired and are unenforceable pursuant to G. L. c. 184, § 28.

We comment briefly on the scope of the DeLuca defendants' easement rights. The judge found that it is not possible to park in the passageway without interfering with others' right to pass. Thus, we agree that no party has the right to park in the passageway. The judge also concluded that a temporary stop of a vehicle in the passageway once per day to load trash for transport to another location does not unreasonably impair the King's Chapel and LLC plaintiffs' right of passage. On the record presented, we cannot say the judge's conclusion was

clearly erroneous. So long as continued temporary stopping once per day does not unreasonably impede the King's Chapel and LLC plaintiffs' easement rights, this use may continue.[8]

2. Prescriptive easement. The DeLuca defendants contend they have acquired an easement by prescription to park in the passageway. The evidence on this issue was conflicting and the judge's conclusion was based in part on his credibility assessment of witnesses. The judge's conclusion that the DeLuca defendants had not met their burden is not clearly erroneous or based upon an incorrect legal standard. See Brown v. Sneider, 9 Mass. App. Ct. 329, 331 (1980); Shapiro v. Burton, 23 Mass. App. Ct. 327, 330 (1987).

Conclusion. So much of the judgment as declares that the DeLuca defendants' rights in the passageway are limited by the restrictions contained in paragraph 2 of the 1947 agreement is reversed, and the judgment shall be modified consistent with

---

[8] On February 11, 2013, the DeLuca defendants entered into an agreement known as the "Good Neighbor Agreement" with the Beacon Hill Civic Association, Inc., which is not a party in this action. In that agreement, the DeLuca defendants agreed that "[a]ll trash will be stored inside the market and will be picked up inside the market in the morning no earlier than 7:00 A.M."; all delivery trucks "will park on Charles Street only (and not on Branch Street)"; and the DeLuca defendants will comply "with all legally binding requirements of the recorded" 1947 agreement. We do not pass on the question whether the Good Neighbor Agreement allows trucks to pick up trash from the passageway; none of the King's Chapel and LLC plaintiffs is a signatory to the Good Neighbor Agreement, and so far as the record reveals, they have no right to enforce it.

this opinion.  In all other respects, the judgment is affirmed. In addition, the order denying the King's Chapel and LLC plaintiffs' motion to amend the judgment is affirmed.

<u>So ordered</u>.