LEONARD FLEMINGS *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD & another[1] (and five companion cases[2]).

Suffolk. March 6, 2000. - May 8, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Administrative Law,* Judicial review, Agency's interpretation of statute. *Statute,*
Construction. *Retirement. Public Employment,* Retirement. *Veteran.*

The plain language of G. L. c. 32, § 4 (1) (*h*), as amended by St. 1996, c. 71,
§ 2, provides retirement "buy back" provisions only to individuals who
are "veterans" within the definition of G. L. c. 32, § 1, and G. L. c. 4,
§ 7, Forty-third, and the use of the word "personnel" in G. L. c. 32, § 4
(1) (*h*), referring to members of the Massachusetts National Guard and Ac-
tive Reserve, did not evidence any Legislative intent to extend the applica-
tion of the act to such personnel who were not also veterans. [377-379]

CIVIL ACTIONS commenced in the Superior Court Department
on January 5, 1999.

The cases were heard by *Margaret R. Hinkle,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Matthew D. Jones* for Leonard Flemings & others.

*Ginny Sinkel,* Assistant Attorney General (*Anthony E. Penski,*
Assistant Attorney General, with her) for Contributory Retire-
ment Appeal Board.

LYNCH, J. The plaintiffs appeal from a decision of a Superior
Court judge affirming the decision of the Contributory Retire-
ment Appeal Board (CRAB) under G. L. c. 30A, § 14. The sole
issue on appeal is whether, as a matter of law, St. 1996, c. 71,
§ 2 (act), which amended G. L. c. 32, § 4 (1) (*h*), to provide
certain "buy back" provisions to retirees who have served in

---

[1]Teachers' Retirement Board.

[2]John Tamagna *vs.* Contributory Retirement Appeal Board & another. Hu-
bert C. Travers *vs.* Contributory Retirement Appeal Board & another. Dennis
Naughton *vs.* Contributory Retirement Appeal Board & another. Thomas Im-
briglio *vs.* Contributory Retirement Appeal Board & another. Arthur Fundek-
lian *vs.* Contributory Retirement Appeal Board & another.

the armed forces of the United States or are members of the Massachusetts National Guard or Active Reserve, applies only to individuals who are "[v]eteran[s]" within the definition of G. L. c. 32, § 1, and G. L. c. 4, § 7, Forty-third. We transferred this case here on our own motion and affirm the decision of the Superior Court judge.

1. *Facts and procedural history.* The essential facts are not in dispute. Each of the six plaintiffs teaches in a Massachusetts school and is a member of the teachers' retirement system. Each served in either the National Guard or the Active Reserve. Each applied to the Teachers' Retirement Board (board) to purchase creditable service under the provisions of the act based on the fact that the act states that it applies to members of the National Guard or Active Reserve. The board, CRAB, and the judge all denied the plaintiffs' applications because none of the plaintiffs qualified as "[v]eteran[s]" pursuant to G. L. c. 32, § 1, and G. L. c. 4, § 7, Forty-third. All plaintiffs concede that they are not "[v]eteran[s]" as defined by those statutes.

2. *Judicial review of administrative agencies.* We give great deference to decisions of administrative agencies. *Cobble* v. *Commissioner of the Dep't of Social Servs.*, 430 Mass. 385, 390 (1999). Where an agency determination involves a question of law, it is subject to de novo judicial review. *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974), citing G. L. c. 30A, § 14 (8) (*c*) (predecessor to G. L. c. 30A, § 14 [7] [*c*]). "The duty of statutory interpretation is for the courts . . . but . . . [where the agency's] statutory interpretation is reasonable . . . the court should not supplant [it with its own] judgment." *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997), quoting *Massachusetts Med. Soc'y* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988).

3. *Statutory construction.* In interpreting statutes, "[n]one of the words of a statute is to be regarded as superfluous, but each is to be given its ordinary meaning without overemphasizing its effect upon the other terms appearing in the statute, so that the enactment considered as a whole shall constitute a consistent and harmonious statutory provision capable of effectuating the presumed intention of the Legislature." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967), quoting *Bolster* v. *Commissioner of Corps. & Taxation*, 319 Mass. 81, 84-85 (1946). If a sensible construction is available, we shall not construe a statute to make a nullity of

pertinent provisions or to produce absurd results. See *Manning v. Boston Redevelopment Auth.*, 400 Mass. 444, 453 (1987), and cases cited.

4. *Relevant statute.* The relevant portion of the act is as follows:

"SECTION 2. Paragraph (h) of subdivision (1) of section 4 of chapter 32, as appearing in the 1994 Official Edition, is hereby amended by adding the following paragraph.

"Notwithstanding the provisions of this chapter or any other general or special law, rule or regulation to the contrary, a member in service of a retirement system as defined in section one[3] *who is a veteran* who served in

---

[3]The relevant text of G. L. c. 32, § 1, the definitions section, is as follows:

" 'Veteran', any person who (*a*) is a veteran as defined in *clause Forty-third of section seven of chapter four*; or (*b*) meets all the requirements of said *clause Forty-third* except that instead of performing wartime service as so defined he has been awarded one of the campaign badges enumerated in the definition of 'Veteran' in section one of chapter thirty-one; or (*c*) meets all the requirements of said *clause Forty-third* except that instead of performing ninety days' active service, including ten days' wartime service, he has performed active service in the armed forces of the United States at any time between April sixth, nineteen hundred and seventeen and November eleventh, nineteen hundred and eighteen, inclusive" (emphasis added).

The relevant portion of G. L. c. 4, § 7, Forty-third, referred to in G. L. c. 32, § 1, is as follows:

"Forty-third, 'Veteran' shall mean any person, male or female, including a nurse, (a) whose last discharge or release from his wartime service, as defined herein, was under honorable conditions and who (b) served in the army, navy, marine corps, coast guard, or air force of the United States for not less than ninety days active service, at least one day of which was for wartime service, provided, that any person who so served in wartime and was awarded a service-connected disability or a Purple Heart, or who died in such service under conditions other than dishonorable, shall be deemed to be a veteran notwithstanding his failure to complete ninety days of active service.

" 'Wartime service' shall mean service performed by a 'Spanish War veteran', a 'World War I veteran', a 'World War II veteran', a 'Korean veteran', a 'Vietnam veteran', a 'Lebanese peace keeping force veteran', a 'Grenada rescue mission veteran', a 'Panamanian intervention force veteran', a 'Persian Gulf veteran', or a member of the 'WAAC' as defined in this clause during any of the periods of time described herein or for which such medals described below are awarded.

" . . .

" 'Armed forces' shall include army, navy, marine corps, air force and coast

the armed forces of the United States and who has completed ten or more years of membership service shall be entitled to credit for active service in the armed services of the United States; provided, however, that such active service shall not be credited until such member has paid into the annuity savings fund of such system, in one sum or in installments, upon such terms and conditions as the board may prescribe, makeup payments of an amount equal to the ten percent of the regular annual compensation of the member when said member entered the retirement system; and, provided further that such creditable service shall not be construed to include service for more than four years provided further, that such creditable service shall not be allowed for any period of active service for which said veteran has received credit pursuant to paragraph (h) of subsection (1) of section 4 of chapter thirty-two of the General Laws or for which said veteran receives a federal military pension. *This act* shall apply to *Massachusetts National Guard and Active Reserve personnel,* both former and present. Creditable service time, both enlisted and commissioned may be applied toward retirement on a ratio of five years guard service or five years active reserve service substitutable for each year of active service. [Emphasis added.]

"SECTION 3. . . . Terms used in this act shall have the same meaning as those terms defined in section one of chapter thirty-two of the General Laws."[4]

5. *Analysis.* The plaintiffs rely on essentially two words contained in one sentence to support their contention that they need not be "veterans" to obtain the benefits of the act: "*This act* shall apply to Massachusetts National Guard and Active Reserve *personnel,* both former and present" (emphasis added). They argue that the use of the word "personnel" rather than the word "service" (or "veterans") is significant and demonstrates

guard.

" 'Active service in the armed forces', as used in this clause shall not include active duty for training in the army national guard or air national guard or active duty for training as a reservist in the armed forces of the United States."

[4]Prior to this amendment, creditable service was only available to veterans who were in government service and took a leave of absence to serve in the armed forces. See G. L. c. 32, § 4 (1) (*h*) (1994 ed.).

that the Legislature wanted to expand the category of beneficiaries of this particular retirement benefit. They also point to the use of the word "act" rather than "chapter" to argue that, with regard to members of the National Guard and Active Reserve, the Legislature did not intend to incorporate into the retirement statute references to the definition of the word "[v]eteran" in G. L. c. 32.[5] We do not agree.

The plaintiffs' interpretation ignores the plain language of the act which clearly sets out the two requirements for eligibility for the creditable retirement service: veteran *status* and ten years' membership in the retirement system. See St. 1996, c. 71, § 2. Furthermore, the first sentence of § 2 of the act explicitly states that it is amending G. L. c. 32, § 4 (1) (*h*), and § 3 of the act incorporates the meaning of the terms in G. L. c. 32, § 1. This plain language negates the plaintiffs' contention that, by using the word "act," the Legislature meant to exempt members of the National Guard and Active Reserve from other provisions of the retirement statute.

The plaintiffs ask us to interpret the act so as to exempt them from the requirement that one be a veteran to be eligible for the retirement benefit, yet say nothing about the second requirement for eligibility listed in the act, ten years in the retirement system. In the first sentence of St. 1996, c. 71, § 2, the ten-year requirement is linked to the veteran requirement by the word "and." Following the plaintiffs' argument to its logical conclusion, if we ignore the requirement that one be a veteran, we should also ignore the ten-year requirement. To do so would create the absurd result that National Guard or Active Reserve members with less than ten years in the retirement system would be eligible for a benefit that formerly active duty members of the armed services who have less than ten years in the retirement system were not. This interpretation also would render meaningless the last sentence of § 2 of the act, which equates five years of National Guard or Active Reserve service with a year of active service.

In view of the foregoing we conclude that the Legislature

---

[5]The plaintiffs attempt to bolster their argument concerning legislative intent by calling our attention to the two versions of this statute, 1996 House Doc. No. 5925 and 1995 Senate Doc. No. 1999, and stating that the language the Legislature ultimately chose "evinces an intent" that the provision not be limited to veterans. We discern no such intent; the earlier version demonstrates only that members of the National Guard and Active Reserve were subsequently added to a draft of the bill.

intended to restrict the application of the act to members of the National Guard or Active Reserve who are also veterans.

*Judgments affirmed.*