BEVERLY LYNCH & another[1] *vs.* COMMONWEALTH.

No. 99-P-2130.

Hampden. November 19, 2001. - March 29, 2002.

Present: PORADA, GRASSO, & DOERFER, JJ.

*County,* Employees. *Public Employment,* Retirement benefits.

The provisions of St. 1997, c. 48, § 18(*b*), do not require the Commonwealth to provide to retired employees of Hampden County dental insurance coverage comparable to the coverage provided to them before the county government was abolished. [348-352]

CIVIL ACTION commenced in the Superior Court Department on January 8, 1999.

The case was heard by *Judd J. Carhart,* J., on a motion for summary judgment.

*Rosemary Tarantino,* Assistant Attorney General, for the Commonwealth.

*Joseph P. Minardi* for the plaintiffs.

PORADA, J. The issue presented in this appeal is whether, under the provisions of St. 1997, c. 48, § 18(*b*),[2] retired

---

[1]Bessie Kirkitelos.

[2]Statutes 1997, c. 48, § 18(*b*), provides as follows: "Notwithstanding the provisions of any general or special law to the contrary, retired employees of an abolished county and the surviving spouses of active or retired county employees who are eligible for group insurance coverage as provided under chapter 32B of the General Laws or who are insured under said chapter shall have said eligibility and coverage transferred to the jurisdiction of the group insurance commission effective four months after the transfer date and said persons shall cease to be eligible or insured under the provisions of said chapter 32B. The group insurance commission shall provide uninterrupted coverage for group life and accidental death and dismemberment insurance and group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance benefits to the extent authorized under the provisions of chapter 32A of the General Laws. All questions relating to group insurance rights, obligations, costs and payments shall be determined by the

employees of Hampden County were entitled to have their benefits under a comprehensive dental plan that had been provided by Hampden County continued by the Commonwealth after the Hampden County government was abolished on July 1, 1998. After the Group Insurance Commission (commission) informed the retirees that the Commonwealth would not continue to provide them with this coverage upon the abolition of county government, the plaintiffs, who had retired from their employment prior to the county government's abolition, filed an action in the Superior Court. The plaintiffs seek declaratory and injunctive relief to require the Commonwealth to provide the same dental insurance coverage they had received from Hampden County.

Both the plaintiffs and the Commonwealth filed motions for summary judgment in the Superior Court. A justice of the Superior Court declared as matter of law that it was the intent of the Legislature under St. 1997, c. 48, § 18(*b*), that retired Hampden County employees would continue to receive the same insurance coverage from the Commonwealth that Hampden County had provided its retirees before the abolition of county government. Judgment entered for the plaintiffs on their motion for summary judgment.

On appeal from this judgment, the Commonwealth argues that the judge erred in failing to give due deference to the commission's interpretation of this statute and in failing to apply well-established principles of statutory construction which support the commission's interpretation. We agree and reverse the judgment.

It is well recognized that the duty of statutory interpretation is for the courts, but where an agency's interpretation of a statute within its charge is reasonable, the court should not substitute its own interpretation. *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 374, 375 (2000). Here, we conclude that the commission's statutory interpretation that Hampden County retirees are entitled only to the dental coverage included within the group general or blanket insurance

group insurance commission, and shall include the manner and method for the payment of all required premiums applicable to all such coverage."

provided to retired State employees under G. L. c. 32A is reasonable and should control.[3]

For this interpretation, the commission relies upon the language in § 18(*b*) that requires it to provide insurance coverage to the extent authorized by G. L. c. 32A. Under G. L. c. 32A, § 4, as amended by St. 1977, c. 958, § 3, the commission is authorized to purchase "group general or blanket insurance providing hospital, surgical, medical, dental and other health insurance and medical benefits" for any person within the service of the Commonwealth. The same insurance coverage is available to all retirees upon application to the commission. G. L. c. 32A, § 10.

Giving this descriptive language of insurance coverage its plain meaning, it is clear that the Legislature intended to authorize the commission to provide State employees and retirees with a comprehensive health insurance plan that encompasses as part of its coverage the named health benefits, including dental, but not a comprehensive, separate plan for each of the different named benefits. This construction is buttressed both by the placement of the phrase "providing hospital, surgical, medical, dental and other health insurance" so that it modifies the nearest antecedent, namely "group general or blanket insurance," see *Moulton* v. *Brookline Rent Control Bd.*, 385 Mass. 228, 230-231 (1982), and by the use of the conjunctive "and" within the phrase, as well as the use of commas to separate the named benefits. See *id.* at 232. All of these factors suggest that dental benefits are one in a series of benefits to be provided as part of a "general or blanket insurance" plan and not by a separate plan. Thus, the commission's ruling that the county retirees' entitlement to dental benefits is limited to those authorized for State retirees under G. L. c. 32A is reasonable.[4]

Further, the commission's interpretation of § 18(*b*) is aided

---

[3]Unlike the comprehensive dental plan provided by Hampden County, the group insurance is limited to reimbursement for dental procedures requiring hospitalization or surgery or emergency dental care necessitated by injury to the mouth or teeth.

[4]The plaintiffs argue that, because § 18(*b*) guarantees uninterrupted insurance coverage to retirees of county government when county government is abolished, this means that the same or comparable insurance must be provided. We are of the opinion that the use of the word "uninterrupted" does not imply

by two basic principles of statutory construction. One is that a statute should be read as a whole to produce an internal consistency. *Acting Superintendent of Bournewood Hosp.* v. *Baker*, 431 Mass. 101, 104 (2000). The other is that a statute must be construed "so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998), quoting from 2A Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992). Here, G. L. c. 32A, § 17, inserted by St. 1987, c. 697, § 113, provides in part that "[t]he commission shall, subject to appropriation, establish a plan of benefits for certain employees which shall, subject to the procedures and conditions established by the commission, reimburse these employees for eligible dental and vision expenses up to but not exceeding two hundred dollars per year."[5] Eligible employees under § 17 include "retirees who had been in the service of the commonwealth." *Ibid.* When § 17 was enacted, the applicable provisions of G. L. c. 32A, §§ 4 and 10, in question were in effect. See St. 1955, c. 628, § 1; St. 1977, c. 958, §§ 3, 6. Therefore, it is presumed that the Legislature was aware of those provisions. *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 554 (1996). If a stand-alone dental policy had been available to State retirees under G. L. c. 32A, §§ 4 and 10, the provision in § 17 relating to dental expenses would either be inconsistent or unnecessary. A construction of a statute that leads to an unreasonable conclusion where a sensible construction is permissible is disfavored. *Flemings* v. *Contributory Retirement Appeal Bd.*, 431 Mass. at 375-376. Here, the commission's construction avoids that result because it is not only reasonable but also produces an internal consistency and reconciles those allegedly conflicting provisions of G. L. c. 32A in accord with those two basic principles of statutory construction.

Finally, we turn to legislative history to provide supplementary confirmation of the commission's interpretation. The provisions of G. L. c. 32A authorizing the commission to purchase group

that the same insurance shall continue but rather that there would be no waiting period before county retirees became eligible for the insurance authorized under G. L. c. 32A.

[5]The Legislature has reportedly never provided an appropriation to implement G. L. c. 32A, § 17.

general or blanket insurance for retirees were enacted in 1955. St. 1955, c. 628, § 1. As originally enacted, the statute provided for hospital, medical, and surgical benefits, but not dental benefits. In 1977, G. L. c. 32A, §§ 4 and 10, were amended to add "dental" to the named benefits. St. 1977, c. 958, §§ 3, 6. However, in adding dental benefits, the Legislature also included a proviso as follows: "Nothing in this act shall be construed as requiring the group insurance commission to purchase coverage for any dental procedures beyond that in force on the effective date of this act." St. 1977, c. 958, § 13. This proviso clearly indicated the Legislature's intent not to expand dental coverage beyond that provided in the comprehensive health plan, which had always been limited in nature and restricted to dental procedures that required hospitalization or surgery or that necessitated emergency dental care because of injury to the mouth or teeth.

In addition, for the last few years, the Legislature has made an appropriation for dental and vision benefits for active employees in the service of the Commonwealth. The line item in its budget provides: "For the costs, notwithstanding the provisions of chapter 32A of the General Laws to the contrary, of dental and vision benefits for those active employees of the commonwealth . . . who are not otherwise provided such benefits pursuant to a separate appropriation or the provisions of a contract or collective bargaining agreement . . . ." St. 1998, c. 194, § 2, line item 1108-5500. The distinction drawn by the Legislature between the dental benefits in the line item provided in its budget and the dental benefits provided under G. L. c. 32A underscores the view that the Legislature never authorized the commission under G. L. c. 32A to provide a dental insurance policy separate and apart from the group or blanket health insurance plan provided to State employees.

In view of the foregoing, we conclude that the judgment should be reversed and that the matter should be remanded to the Superior Court for entry of a judgment declaring that St. 1997, c. 48, § 18(b), does not require the Commonwealth to provide dental insurance coverage to the plaintiffs comparable

to the dental insurance coverage provided to them as retirees of Hampden County before the county government was abolished.[6]

*So ordered.*

---

[6]As of July 1, 2002, the commission will make available to all State retirees a "retiree pay-all dental plan" without any contribution by the Commonwealth, pursuant to St. 2000, c. 159, § 411.