Fabricant, Judith, J.
INTRODUCTION
The Attorney General brings this action to enforce the Massachusetts gift certificate law, G.L.c. 200A, §5D, and c. 255D, §1, against a gift card program operated by the defendant Simon Property Group for a period between 2003 and 2005. Before the Court are cross motions for summary judgment. For the reasons that will be explained, summary judgment will enter for the defendant.
BACKGROUND
The parties have stipulated to most of the material facts. In addition to the parties’ stipulation, the defendant has submitted a supplemental statement of facts, pursuant to Superior Court Rule 9A(b)(5). The Commonwealth has not disputed any of the facts set forth therein; those facts are therefore deemed admitted. The Court will not reiterate all of the facts set forth in those materials. The facts significant to the Court’s analysis may be summarized as follows.
Simon Property Group, Inc. (“Simon”), owns and operates shopping malls. Between March 2003 and August 31, 2005, Simon, acting through its affiliate, SPGGC, Inc., sold in Massachusetts what it called the Simon Visa Giftcard, a pre-paid, electronic stored value card, in form and appearance similar to a credit card or debit card, and in function similar to a debit card. The cards were issued by Bank of America, a member of Visa U.S.A., Inc., and operated on the Visa electronic payment network. The purchaser would determine the dollar value to be placed on the card, and would pay Simon that amount, along with a handling fee; the card would then be programmed with the value paid by the purchaser. The recipient of the card could then use it to make purchases from any merchant, worldwide, that accepts Visa debit cards, including at locations not affiliated with Simon malls. Each purchase would reduce the balance stored on the card. Fees charged by Simon would similarly reduce the stored value. Simon charged certain fees that, the Commonwealth contends, violated Massachusetts law, particularly a monthly “dormancy” fee, against any account that retained a balance six months after issuance of the card, and a “reissue” fee for issuance of a new card when value remained in an account after the expiration date shown on the card, twelve to fifteen months after issuance.
The Commonwealth, through the Attorney General, brought this action under G.L.c. 93A. The complaint sets forth three counts. Count I alleges violation of G.L.c. 93A by the imposition of fees in violation of the Massachusetts gift certificate statute, G.L.c. 200A, §5D. Count II alleges that the imposition of the fees was “unconscionable or otherwise unfair” in violation of G.L.c. 93A. Count III alleges that the fees were not adequately disclosed, and were therefor deceptive in violation of G.L.c. 93A. The complaint seeks injunctive relief, civil penalties, attorneys fees, disgorgement of improperly collected fees, and other relief. The present motions address only counts I and II, leaving count III for further action after the court’s rulings on the present motions.
DISCUSSION
During the period in issue here, G.L.c. 200A, §5D, required that a gift certificate, as defined by c. 255D, § 1, “be valid for not less than 7 years after its date of issuance,” and that the date of issuance and expiration date “be clearly identified on its face” or, in case of an electronic card with a banked dollar value, “clearly printed upon a sales receipt transferred to the pur *646 chaser” or “otherwise made available to the purchaser or holder” through an internet site or a toll-free number. Section 1 of c. 255D defined gift certifícate as follows:
[A] writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller. A gift certificate shall include an electronic card with a banked dollar value, a merchandise credit, a certificate where the issuer has received payment for the full face value for the future purchase or delivery of goods or services and any other medium that evidences the giving of consideration in exchange for the right to redeem the certificate, electronic card or other medium for goods, food, services, credit or money of at least an equal value. A gift certificate shall not include pre-paid calling arrangements, as defined in section 1 of chapter 64H of the General Laws.
The Commonwealth contends that the Simon Visa Giftcard was a gift certificate, within the statútory definition, and that Simon violated the statute by imposing dormancy and reissue fees, in that it did not treat the Giftcard as valid for seven years without payment of such fees. Simon’s position is that the Giftcard was not a gift certificate within the meaning of the statute; that the statute does not prohibit fees; and that state regulation of the Giftcard is preempted by federal law. The Court concludes that the Giftcard did not meet the statutory definition of gift certificate; the Court therefore will not reach the defendant’s other arguments.
In interpreting a statute, the Court begins with its plain language. If the language is unambiguous, and can be construed in such a manner as to produce a logical and sensible result, the Court must apply the statute according to its terms, so as to effectuate the intent of the legislature. See Flemings v. Contributory Ret. Appeal Bd., 431 Mass. 374, 375 (2000); Shamban v. Masidlouer, 429 Mass. 50, 54 (1999); Commonwealth v. Williams, 427 Mass. 59, 62 (1998); Stop and Shop Supermarket Co. v. Urstadt Biddle Properties, Inc., 433 Mass. 285, 289 (2001). The Court must give effect to all provisions of a statute, treating it as a harmonious whole; no part of a statute is to be viewed as surplusage. See Flemings, supra, at 375-76.
Simon argues that its Giftcard did not meet the definition because it was not for use “in exchange for goods or services supplied by the seller.” To the contrary, Simon points out, the card could be used for the purchase of goods or services supplied by any merchant, anywhere in the world, who accepted Visa debit cards, but could not be used to purchase goods or services supplied by Simon, because Simon is not in the business of retail sales, and does not supply any goods or services.[1] The Court agrees.
The statutory definition of gift certificate consists of three sentences. The first sentence identifies four elements that characterize a gift certificate: it is “a writing identified as a gift certificate”; it is purchased by one person for use by another; it is “not redeemable in cash” but instead is “usable in its face amount in lieu of cash”; and it is used “in exchange for goods or services supplied by the seller.” The second sentence goes on to list specific items that are included within the definition: “an electronic card with a banked dollar value,” “a merchandise credit,” and a certificate “where the issuer has received payment for the full face value for the future purchase or delivery of goods or services.” The sentence concludes with a catch-all phrase, “any other medium that evidences the giving of consideration in exchange for the right to redeem” the item for purchases “of at least an equal value.” The third sentence excludes a single item, “pre-paid calling arrangements.”
The Commonwealth focuses on the second sentence, noting its breadth, and points out that the Giftcard falls within the category of “an electronic card with a banked dollar value.” Because it is within the terms of the second sentence, the Commonwealth argues, the Giftcard need not meet the four elements of the first sentence. The Commonwealth reads the second sentence as essentially an alternative to the first; if something is within the terms of the second sentence, the argument goes, then it is within the statutory definition, regardless of the first sentence.
This reading would render the first sentence surplus-age, in violation of basic principles of statutory construction. In construing the statute, the Court must give meaning to all its terms. See Commonwealth v. Mendonca, 50 Mass.App.Ct. 684, 687 (2001). To do so, the Court reads the first sentence as establishing four required elements; an item must meet all four to be within the definition. The second sentence modifies one of those four elements, the element of “awriting identified as a gift certificate,” by setting out examples of the kinds of things that could qualify as a writing, along with a catch-all phrase that encompasses things not specified. The second sentence thus serves to update the statute so as to reach items that might not otherwise be thought to fit within the description of “a writing,” but that reflect current and future technology.[2] The third sentence then carves out one exception that would otherwise fall within the broad sweep of the second sentence. The second sentence does not, in the Court’s view, eliminate the requirements of the first sentence.
The effect of the second sentence in this case is to make clear that the Simon Giftcard is “awriting identified as a gift certificate,” as required by the first sentence of the statutory definition, in that it is “an electronic card with a banked dollar value.” That conclusion does not assist in determining whether the card meets the other elements of the first sentence, particularly the requirement that the item be usable for the purchase of “goods or services supplied by the seller.” The undisputed facts establish the contrary; the card may be used to purchase *647 goods or services from any merchant who accepts Visa debit cards, but not from Simon, because Simon does not supply any goods or services.[3]
The apparent purpose of the statute is to protect consumers from merchants who would accept advance payment from gift-givers in return for goods and services to be supplied at a later date, and then fail to supply those goods and services, while keeping the money advanced. To serve that purpose, the statute limits its reach to certificates to be exchanged for goods and services to be supplied by the seller of the certificate. Whatever might be the merits of the fees Simon imposes, the Simon Giftcard does not meet that description. The Court concludes, therefore, that the Simon Giftcard does not fall within the statutory definition, and Simon is entitled to judgment as a matter of law on counts I and II.[4]
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion for Summary Judgment as to Counts I and II is ALLOWED, and the Commonwealth’s Motion for Summary Judgment as to those Counts is DENIED. Counsel are directed to confer and contact the session clerk to schedule a status conference for the earliest available date so as to schedule whatever proceedings may be necessary with respect to count III.

 Simon also argues that the card was not “identified as a gift certificate” because it was labeled a “Giftcard” rather than a gift certificate. The Court is not persuaded by this semantic argument.

The legislature added the second sentence by St. 2002, c. 510, §6. The first sentence, as in effect at the time of the events in issue here, dates to the original enactment in 1973. See St. 1973, c. 924, §1.

The Commonwealth suggests that a Simon Giftcard could be used to purchase another Simon Giftcard, which would be supplied by Simon. Such a purchase might be possible under the system Simon operated, but it would seem hardly likely.

As Simon points out, after the events in issue here the legislature amended the statutory definition to exclude “any electronic card usable with multiple unaffiliated sellers of goods or services." St. 2008, c. 58, §2. The Court draws no inference of legislative intent from the amendment, which could have been intended either to clarify the legislature’s understanding of the pre-existing statutory language, or to effect a change. See Cohen v. Commissioner of the Div. of Med. Assistance, 423 Mass. 399, 406-07 (1996). Nor does the Court consider statements of individual legislators in connection with this enactment as reflective of the meaning of the statutory language as it existed prior to the amendment.