Lu, John T., J.
INTRODUCTION
The plaintiff, Jackson Street Discount, Inc. (Jackson) , brings this action for judicial review under G.L.c. 30A, §14, of a decision by the defendant, the Alcoholic Beverages Control Commission (Commission), upholding the Lawrence Licensing Board’s (Board) denial of Jackson’s application for a wine and malt license. Because parking and public safety concerns provided substantial evidence for the Commission’s decision and because the Commission’s decision was not arbitrary and capricious, the court denies Jackson’s motion for judgment on the pleadings and affirms the Commission’s decision.
BACKGROUND
This case arises from Jackson’s efforts to obtain a license to sell beer and wine from a 500-900 square foot convenience store at 22 Jackson Street, Lawrence, Massachusetts (the site). The site is directly adjacent to a jewelry store; on the same side of the street as a barbershop, Western Union check cashing store, and a clothing store; and across the street from a lawyer’s office, tailor, and convenience store. The only parking on Jackson Street is on the side of the street opposite the site. The site is close to two liquor stores with ample parking.
By a decision dated November 14, 2007, the Board denied Jackson’s application for a liquor license. The Board stated that it “acted in the best interest of the neighborhood, public safety, and also because of the lack of parking.” Under G.L.c. 138, §23, the Board may issue or deny a liquor license “with a view only to serve the public need and in such a manner as to protect the common good.” Because adequate parking and public safety concerns affect the common good, they are valid reasons for the Board to deny Jackson’s application.
Jackson appealed the Board’s decision to the Commission pursuant to G.L.c. 138, §15. At the January 8, 2008 hearing before the Commission, the Board’s Commissioner, Thomas Murphy, stated that the Board was concerned that Jackson’s patrons would park illegally on Jackson Street to make a “quick purchase,” obstructing traffic. He noted that “[o]n any given day, Monday through Friday, it’s pretty difficult to get a parking space between the hours of 9:00 a.m. and 5:00 p.m. on Jackson Street.” The Commission submitted photographs taken by Commissioner Murphy at 11 a.m. on January 8, 2008, one of which showed that all the legal parking spaces on Jackson Street were occupied. Lawrence Police Lieutenant Sean Conway, who also testified for the Commission, stated that the lack of parking was a “public safety issue” and added the “main concern is the congestion and the flow of traffic at any time.”
Raymond Bellia, Jackson’s owner, sought to refute the Commission’s parking and public safety concerns by pointing out that the Lawrence Zoning Board granted its application for a special use permit and, in so doing, made a finding that “traffic generated by the use will not be detrimental to the neighborhood.” Bellia further testified that he expected most of Jackson’s business to come from foot traffic.
In a decision dated January 10, 2008, the Commission upheld the denial of Jackson’s license application “for the reasons as set out by the Licensing Board.” Jackson now seeks judicial review of the Commission’s final decision.
DISCUSSION
General Laws c. 30A, §14 provides that “any person . . . aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to a judicial review thereof.” A court reviewing an administrative decision may set it aside only if the court finds that the substantial rights of a party may have been prejudiced because the decision is defective under G.L.c. 30A, §14(7). The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989). The reviewing court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Town of Hingham v. Department of Telecomm. & Energy, 433 Mass. 198, 201 (2001); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Flemings v. Contributory Ret. Appeal Bd., 431 Mass. 374, 375 (2000).
As an initial matter, the parties raise the issue of the appropriate standard of review to be applied in this case. In reviewing the Board’s denial of the liquor license based on parking and public safety concerns, the Commission relied on the arbitrary and capricious standard, consistent with G.L.c. 138, §23. In challenging the Commission’s decision, however, Jackson *613 properly relies on G.L.c. 30A to argue that the Commission’s decision was unsupported by substantial evidence. Taking these standards together, the issue for this court is whether there was substantial evidence to support the Commission’s determination that the Board’s denial of the liquor license based on parking and public safety concerns was not arbitrary and capricious.
“Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). The substantial evidence test is a highly deferential standard. Connolly v. Suffolk County Sheriffs Dep’t, 62 Mass.App.Ct. 187, 193 (2004). In applying this test, a court cannot “displace an administrative board’s choice between two fairly conflicting views.” School Comm. of Wellesley v. Labor Relations Comm’n, 376 Mass. 112, 120 (1978) quoting Labor Relations Comm’n v. University Hosp., Inc., 359 Mass. 516, 521 (1971).
In this case, the Commission received testimony from Commissioner Murphy and Lt. Conway as well as photographs of Jackson Street that provided ample evidence of the lack of legal parking on a highly commercial street. The lack of parking provided a reasonable basis for the Board’s concern that drivers who wished to make “quick purchases” from Jackson’s would park illegally in front of the store, as a result obstructing traffic and creating public safety issues. Although the Zoning Board apparently had a different view than the Board regarding the availability of parking in the area, Jackson cites, and this Court has found, no authority that bound either the Commission (or the Board) to the Zoning Board’s view. Rather, it was up to the Commission to decide how much weight to give the Zoning Board’s view. The same holds true as to Jackson’s suggestion that most of its clientele would arrive on foot from nearby apartment buildings. Viewing the evidence before the Commission as a whole, there was substantial evidence supporting the Commission’s determination that the Board’s denial of the liquor license based on parking and public safety concerns was not arbitraiy and capricious.
ORDER
The plaintiff Jackson Street Discount Inc.’s Motion for Judgment on the Pleadings is DENIED and the defendant Alcoholic Beverages Control Commission’s decision of January 10, 2008 is AFFIRMED.