Lauriat, Peter M., J.
In April of 2008, the Massachusetts Registry of Motor Vehicles (“Registry”) determined that the plaintiff, Kevin A. Perry, Jr. (“Perry”), had been previously convicted in federal court, on October 5, 2005, of possession of a class B controlled substance with intent to distribute it. The Registry thereupon suspended Perry’s Massachusetts driver’s license for three years, effective April 21, 2008. Perry appealed the suspension of his driver’s license to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”). The Board affirmed the suspension. Perry now brings this action, pursuant to G.L.c. 30A, §14, seeking judicial review of the Board’s decision. Perry contends that the effective date of his driver’s license suspension under G.L.c. 90, §22(f) should have been the date of his conviction, and not the date that the Registry actually received notice of his conviction.
Perry has now moved for judgment on the pleadings. The Board has filed an opposition to Perry’s motion. For the following reasons, Perry’s motion is allowed, and the Board’s decision is annulled.
BACKGROUND
The facts as revealed by the administrative record are as follows. On October 5, 2005, Perry was convicted in the U.S. District Court for the District of Massachusetts of possession of a class B controlled substance (ecstasy) with intent to distribute it. He was sentenced to ninely-four months in prison. While he was in federal prison in Butner, North Carolina, Perry completed a five-hundred-hour residential drug abuse treatment program. Perry also served as a senior peer assistant for four months in the residential drug abuse treatment program. He completed several correspondence courses with Louisiana State University. Perry was released from federal prison in April of 2008.
After his release, Perry went to the Registry to renew his driver’s license on or around April 11, 2008. At that time, the Registry learned of his 2005 federal drug conviction. On April 11, 2008, the Registry officially notified Perry that his driver’s license would be suspended for three years, beginning on April 21, 2008, pursuant to guidelines set in 540 Code Mass. Regs. §20.03. The Registry noted that it could not consider a request for a hardship license until Perry had served at least fifty percent of the assigned suspension period.
Perry appealed to the Board. The Board held a hearing on June 20, 2008, and affirmed Perry’s driver’s license suspension. Perry then appealed, pursuant to G.L.c. 30A, §14, to the Superior Court. The court remanded the case to the Board because the Board was not able to locate an “audible tape” of its June 20, 2008 hearing.
The Board conducted a de novo hearing on October 24, 2008. Perry asked the Board if his driver’s license is suspended upon the Board’s notification. The Board told Perry that his license is subject to suspension “when the Registry receives the abstract from the Courts.” Perry stated that: “I’ve talked to the U.S. District Court and the U.S. Attorney’s Office and the Court and they actually don’t have any procedure in place where they send [the Registry] anything. Why I was actually suspended was because when I went to get my license, the DMV clerk decided to pull my record. So there’s actually no procedure in place.” At *522 the hearing, the Board discussed the issue of how the Registry receives notice of a person’s drug conviction. The Board explained that, “when you go to renew your license or obtain a license the Registry will always access any and all sources to find out if there’s anything like Court warrants, [or] out-of-state issues . . . [s]o in this case they picked up this [conviction] on your record and they added it to your driving history and that brings you here for a three-year suspension.” The Board asserted that once the Registry receives notice of the qualifying offense, it must suspend the person’s driver’s license.
Following the hearing, the Board affirmed Perry’s license suspension, and on October 29, 2008, the Board issued a statement of reasons for its decision. The Board acknowledged that Perry worked as a personal trainer at a gym, which requires him to report to work at various hours, but determined that he can take a taxi to work at a cost of $30 per day. Also, the Board stated that Perry worked as a “floor attendant” at an establishment in Worcester, Massachusetts, but that he is able to travel to this night job with the help of a friend or by public transportation.
Moreover, the Board noted that the Registry suspended Perry’s license pursuant to G.L.c. 94C, §34, G.L.c. 90, §22(f), 540 Code Mass. Regs. §20.03, and G.L.c. 90, §22F. The Board recognized that Perry had been incarcerated for the preceding five years, has been addicted to drugs for all of his adult life, has been convicted of various drug and motor vehicle offenses, and has only been out of jail for a short period of time. The Board was also concerned that Perry might relapse. The Board reasoned that Perry obtained his jobs with the knowledge that he did not have a driver’s license, and he could travel to those jobs with help from his friends or via public transportation. Thus, the Board affirmed Perry’s three-year driver’s license suspension, but did allow Perry to apply for a hardship license on or after October 2009. Perry now seeks judicial review, pursuant to G.L.c. 30A, §14, of the Board’s decision dated October 29, 2008 to affirm his driver’s license suspension.
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), this court may affirm the decision of the agency, remand the matter for further proceedings before the agency, set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is based upon an error of law, unsupported by substantial evidence, unwarranted by facts found by the court on the record as submitted, or is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7). “The court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” See id. See also Flemings v. Contributory Retirement Appeal Bd., 431 Mass. 374, 375 (2000) (recognizing that great deference is given to decisions of administrative agencies and court should not supplant an agency’s reasonable statutory interpretation with its own judgment).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). However, “to the extent that an agency determination involves a question of law, it is subject to de novo judicial review.” Raytheon Co. v. Director of Div. of Employment Security, 364 Mass. 593, 595 (1974).
Perry asserts that the Board’s decision to suspend his driver’s license beginning on the date that it received notice of his past drug conviction, rather than as of the actual date of his drug conviction, is based on an error of law and is arbitrary and capricious. The Board maintains that it properly started Perry’s driver’s license suspension on April 21, 2008, after it received notice of his past federal drug conviction. The Board has recognized that G.L.c. 90, §22(f) is silent as to the effective date of suspension, but maintains that it reasonably interpreted §22(f) to allow the suspension to commence on the date that the Registry received notice of the conviction.
General Laws c. 90, §22(f) states that:
The registrar shall suspend, without hearing, the license or right to operate of a person who is convicted of a violation of any provision of chapter ninety-four C or adjudged a delinquent child by reason of having violated any provision of chapter ninety-four C; provided, however, that the period of such suspension shall not exceed five years; provided further, that any person so convicted who is under the age of eighteen years or who is adjudged a delinquent child by reason of having violated any provision of chapter ninety-four C, and is not licensed to operate a motor vehicle shall, at the discretion of the presiding judge, not be so licensed for a period no later than when such person reaches the age of twenty-one years.
G.L.c. 90, §22(f). See Rushworth v. Registrar of Motor Vehicles, 413 Mass. 265, 266 (1992) (noting that “G.L.c. 90, Section 22(f), requires that the Registrar suspend, for a period not to exceed five years, the driver’s license or right to operate of a person convicted of violating any provision ofG.L.c. 94C”). General Laws *523 c. 90, §22(c) expands the scope of G.L.c. 90, §22(1). It provides that:
If the registrar receives official notice, in any form which the registrar deems appropriate, including electronic transmissions, that a resident of the commonwealth or any person licensed to operate a motor vehicle under the provisions of this chapter has been convicted in another state, country or jurisdiction of a motor vehicle violation, the registrar shall give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth.
As used in this section “motor vehicle violation” shall mean a violation of law, regulation, by-law, or ordinance, except a violation related to parking, the nature of which would have been reported to the registrar pursuant to chapters eighty-nine, ninety, ninety C, or one hundred and seventy-five, if said violation had occurred in the commonwealth.
G.L.c. 90, §22(c). Thus, the Registry is permitted to suspend the driver’s license of a person convicted in federal court of an offense that serves as the basis of a license suspension under G.L.c. 90, §22(f).[1] See G.L.c. 90, §22(f); G.L.c. 90, §22(c); 540 Code Mass. Regs. §20.04.
In Rushworth, the Supreme Judicial Court determined that G.L.c. 90, §22(0, which requires the Registry to automatically suspend the driver’s license of a person convicted of violating G.L.c. 94C, does not, on its face, violate the due process or equal protection guarantees of the United States or Massachusetts Constitution.[2] Rushworth v. Registrar of Motor Vehicles, 413 Mass. at 266. The Court also concluded that a suspension of driver’s license under G.L.c. 90, §22(f) does not constitute a second punishment for the same offense in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution. Id. at 272-74. The Court explained that:
The Legislature has the power to determine what punishment is to be imposed on a defendant’s conviction, and, in this context, “the Double Jeopardy Clause does no more than prevent. . . greater punishment than the legislature intended.” Grady v. Corbin, 110 S.Ct. 2084, 2091 (1990), quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983). In the case of Section 22(f), the cumulative punishment of a license suspension in cases like those before us has been expressly directed by the Legislature. The Registrar has no discretion on whether to suspend, and suspension follows automatically from a conviction on an underlying drug offense as an ancillary part of the criminal proceedings. As a result of the legislative mandate, there can be no danger that license suspension is sought because the government is dissatisfied with the results of the prosecution . . . Once the Legislature has specifically authorized two punishments, double jeopardy principles are not implicated, and the direction of the Legislature is to be enforced.
Id. at 273-74 (emphasis added).
In this case, the Board’s decision to affirm Perry’s driver’s license suspension, effective April 21, 2008, is based on an error of law, and hence, the Board’s decision must be annulled. See G.L.c. 30A, §14(7). The Registry and the Board erroneously concluded that Perry’s driver’s license suspension should begin on April 21, 2008, shortly after Perry sought to renew his driver’s license after serving five years in federal prison. The proper date for the start of Perry’s driver’s license suspension must be October 5, 2005, the date of his conviction for possession of a class B controlled substance with intent to distribute it. That suspension began automatically on October 5, 2005, as an ancillary part of his criminal proceedings in federal court.[3] See Rushworth v. Registrar of Motor Vehicles, 413 Mass. at 273.
While G.L.c. 90, §22(f) is silent as to when a driver’s license suspension should commence, the fairest and most reasonable interpretation is that the suspension must begin immediately upon conviction, and not upon notice to the Registry. Under the Board’s interpretation of G.L.c. 90, §22(f), a licensed defendant convicted of a violation of a qualifying drug offense could continue driving a vehicle using a valid unexpired driver’s license even after he was released from prison. Assuming that the Registry did not receive notice of the conviction, this individual could continue legitimately driving for months or years before the Registry was apprised of that conviction. This would be entirely inconsistent with the requirement that his license be “automatically suspended” upon his conviction. The Registry’s and the Board’s interpretation of G.L.c. 90, §22(f) would undoubtedly lead to arbitrary, delayed, and erratic suspension periods. Moreover, in enacting G.L.c. 90, §22(1), the “Legislature may . . . have decided that added measures were needed to discourage drug use among ‘casual’ drug users and to prevent impaired driving.” Rushworth v. Registrar of Motor Vehicles, 413 Mass. at 272. If part of the Legislature’s intent is to discourage the use of vehicles to further future narcotics transactions or to prevent driving impaired by drugs, the Registry’s interpretation of the effective date of driver’s license suspensions simply does not make sense, because an individual who held a valid unexpired driver’s license could legally operate a vehicle while on probation or upon release from prison, absent notice to the Registry, thereby defeating the Legislature’s intent to protect the public.[4]
Therefore, a driver’s license suspension under G.L.c. 90, §22(1) must begin automatically on the date of a person’s conviction of a qualifying offense. Rushworth v. Registrar of Motor Vehicles, 413 Mass. at 273-74. Here, the effective commencement date of *524 Peny’s three-year driver’s license suspension is October 5, 2005 (the date of his federal drug conviction). As a consequence, the Plaintiffs Motion for Judgment on the Pleadings must be allowed, and the Board’s decision must be annulled.
Finally, the apparent failure of the court/and or the Registry to ensure the prompt reporting of Perry’s drug-related convictions should not, in fairness, be visited upon Perry. Whether the court or the Registry or both are responsible for the fact that the Registry waited two and one-half years to impose a license suspension on Perry is a matter for determination by and between them. As a matter of due process, Perry should have had his license suspended as of the date of his conviction, not as of some uncertain later date that was presumably dependent upon the action of the court, the Registry, or even the postal service — all of whom are beyond Perry’s ability to direct or control.
ORDER
For the foregoing reasons, the Plaintiffs Motion for Judgment on the Pleadings is ALLOWED and the Board of Appeal on Motor Vehicle Liability Policies and Bonds’s decision is ANNULLED.

 540 Code Mass. Regs. §20.04 establishes the guidelines for license suspensions based on a conviction by the United States of America of any controlled substance law of another state or country, including the United States of America. See 540 Code Mass. Regs. §20.04. The Board’s decision erroneously references 540 Code Mass. Regs. §30.03, which does not even exist, but is likely a reference to 540 Code Mass. Regs. §20.03. Under 540 Code Mass. Regs. §20.04, the duration of any suspension is determined by the schedule set forth in 540 Code Mass. Regs. §20.03, but “[i]n no event shall the suspension period be less than six months or more than five years.” 540 Code Mass. Regs. §20.04.

In his written motion for judgment on the pleadings, Perry briefly argues that the Board’s decision is unconstitutional.

By April 21, 2008, Perry was no longer a part of any criminal proceedings related to his federal drug conviction that triggered his automatic driver’s license suspension under G.L.c. 90, §22(f).

It is, of course, possible that a person convicted of a drug offense might never face the consequences of an actual driver’s license suspension, if, for instance, he or she is sentenced to a prison term that is longer than the authorized suspension period under G.L.c. 90, §22(f) and 540 Code Mass. Regs. §20.03. If the Legislature’s intent was to require a license suspension upon release from prison, then under this court’s interpretation of G.L.c. 90, §22(f), such a suspension would be ineffective in some circumstances. This possibility is, however, one for the legislature to address.