Lauriat, Peter M., J.
On February 12, 2009, the Massachusetts Registry of Motor Vehicles (“Registry”) notified the plaintiff, Anthony Reid (“Reid”), that it was suspending his commercial driver’s license (“CDL”), for five years, effective February 22, 2009, based on prior state drug convictions in 2006 and 2007. Reid appealed that suspension to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”). The Board affirmed the suspension in a decision dated June 8, 2009. Reid now brings this action pursuant to G.L.c. 30A, §14 seeking judicial review of the Board’s decision.
Reid has now moved for judgment on the pleadings. The Board has filed an opposition to Reid’s motion. For the following reasons, the Plaintiffs Motion for Judgment on the Pleadings is allowed, and the Board’s decision is annulled.
BACKGROUND
The facts as revealed by the administrative record are as follows. On November 20, 2006, Reid was convicted in the Lynn District Court of possession of a Class B controlled substance with intent to distribute it. He was sentenced to one year in the House of Correction, two months of that sentence was to be served, and the balance was suspended for two years. On April 10, 2007, Reid was convicted in the Lynn District Court of possession of cocaine with intent to distribute it, and of possession of cocaine with intent to distribute it in a school zone. Reid was sentenced to one day in the House of Correction on the first offense, and to a “from and after” sentence of two years in the House of Correction on the second offense. It appears that Reid was released from incarceration on these sentences on or about February 7, 2009.[1] On February 12, 2009, the Registry informed Reid that his CDL was being suspended beginning on February *525 22, 2009. Reid appealed to the Board, and Reid’s appeal hearing was held on April 30, 2009.
On June 8, 2009, the Board issued a decision affirming the Registry’s suspension of Reid’s license. The Board noted that Reid’s CDL suspension pursuant to G.L.c. 94C and G.L.c. 90, §22(f) was effective on February 2, 2009.[2] According to the Board, Reid is currently serving a four-year license suspension as a result of his 2006 drug conviction, which suspension became effective on December 11, 2008. He is serving a five-year license suspension as a result of his 2007 drug-related convictions, and that suspension became effective on February 2, 2009. Presumably, these effective dates are the dates on which the Registry received notice of Reid’s convictions from the Lynn District Court.[3]
The Board recognized that Reid was requesting a hardship license, that he resides in Boston, Massachusetts with his fiancee, and he has a teenage son who resides in Lynn, Massachusetts. At the time of the hearing, Reid was unemployed and looking for work. Reid presented the Board with a letter dated April 28, 2009, from his case manager at a program for newly released prisoners. The case manager wrote that, “[Reid] has worked hard with our program to both prepare himself for and find work . . . [a]ccess to a driver’s license would greatly aid . . . [Reid] in his efforts to find long-term, gainful work.”
The Board denied Reid’s request for a hardship license and affirmed his CDL suspension. The Board asserted that Reid failed to provide the Board with proof that he had a job opportunity and that his case manager’s letter was insufficient. The Board reasoned that Reid lives in Boston with access to adequate public transportation, and noted that he did not provide any proof that he had completed a drug treatment program. The Board further noted that ten days after his release, he was arrested in Lynn for breaking and entering with intent to commit a felony, but that those charges were still pending at the time of the hearing. Additionally, the Board cited his lengthy criminal record and histoiy of driving violations. Reid now seeks judicial review, pursuant to G.L.c. 30A, §14 of the Board’s decision dated June 8, 2009 to affirm his CDL suspension.
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), this court may affirm the decision of the agency, remand the matter for further proceedings before the agency, set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is based upon an error of law, unsupported by substantial evidence, unwarranted by facts found by the court on the record as submitted, or is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7). “The court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” See id. See also Flemings v. Contributory Retirement Appeal Bd., 431 Mass. 374, 375 (2000) (recognizing that great deference is given to decisions of administrative agencies and court should not supplant an agency’s reasonable statutory interpretation with its own judgment).
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Comm., 385 Mass. 651, 657 (1982). However, “to the extent that an agency determination involves a question of law, it is subject to de novo judicial review.” Raytheon Co. v. Director of Div. of Employment Security, 364 Mass. 593, 595 (1974).
Upon review and after hearing, the Plaintiffs Motion for Judgment on the Pleadings must be allowed, and the Board’s decision must be annulled. The Board’s decision dated June 8, 2009, is based on an error of law. For the reasons set forth in Perry v. Massachusetts Department of Motor Vehicles, DocketNo. 2008-3130 (Mass.Super.Ct. Jan. 19, 2010) (Lauriat, J.), the effective date of Reid’s CDL suspension must be April 10, 2007, the date of his most recent drug-related convictions in the Lynn District Court. See also Rushworth v. Registrar of Motor Vehicles, 413 Mass. 265, 273 (1992) (recognizing that pursuant to G.L.c. 90, §22(f), “[t]he Registrar has no discretion on whether to suspend, and suspension follows automatically from a conviction on an undedying drug offense as an ancillary part of the criminal proceedings”) (emphasis added).
Moreover, the apparent failure of the court/and or the Registry to ensure the prompt reporting of Reid’s drug-related convictions should not, in fairness, be visited upon Reid. Whether the court or the Registry or both are responsible for the fact that the Registry waited two years to impose a license suspension on Reid is a matter for determination by and between them. As a matter of due process, Reid should have had his license suspended as of the date of his conviction, not as of some uncertain later date that was presumably dependent upon the action of the court, the Registry, or even the postal service — -all of whom are beyond Reid’s ability to direct or control.
Therefore, the Plaintiffs Motion for Judgment on the Pleadings must be allowed, and the Board’s decision must be annulled.
*526 ORDER
For the foregoing reasons, the Plaintiffs Motion for Judgment on the Pleadings is ALLOWED and the Board of Appeal on Motor Vehicle Liability Policies and Bonds’s decision is ANNULLED.

The Board’s decision inexplicably states that Reid was on probation until 2009.

However, a notice from the Registry dated February 12, 2009, lists the effective date of Reid’s CDL suspension as February 22, 2009.

The Board explained that although Reid’s criminal proceedings were resolved in the Lynn District Court in 2006 and 2007, the District Court “did not send in the abstract until Mr. Reid completed the terms and conditions of his probation in 2009.”